**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Kenneth Eugene DESHONG, Appellee.**

Superior Court of Pennsylvania.

Argued Dec. 19, 2003.

Filed May 13, 2004.

Dwight C. Harvey, Asst. Dist. Atty., McConnellsburg, for Com., Appellant.

David S. Keller, Waynesboro, for appellee.

Before: KLEIN, BENDER, and OLSZEWSKI, JJ.

KLEIN, J.

¶ 1 Kenneth Eugene Deshong was charged with arson and insurance fraud for burning down a restaurant he owned to collect the insurance money. Deshong pled guilty to insurance fraud in a plea agreement. At the time of the plea agreement, he expressly agreed to pay restitution "as determined by the Fulton County Probation Department, subject to a hearing if requested." The Commonwealth now appeals from the trial court's order refusing to set the amount of restitution almost two years later after Deshong's sentencing.

¶ 2 At the time of sentencing, the trial court was still not able to determine whom he owed or how much, so the court entered an open-ended restitution order: "[R]estitution shall be made in the amount of $TBD to person or entities to be determined as determined to be due and payable by the Fulton County Probation Department." The trial court also imposed 48 months' probation and required him to pay costs. Fourteen months after sentencing, the amount of restitution still had not been determined. At the Probation Department's request, the trial court scheduled a determination hearing.

¶ 3 Between sentencing and the determination hearing, we decided *Commonwealth v. Dinoia,* 801 A.2d 1254 (Pa.Super.2002), which pointed out that under the amended restitution statute, restitution must be determined at the time of sentencing if the restitution is imposed as a direct sentence. The Commonwealth requested that the trial court set the amount of restitution. However, Deshong opposed this request, arguing that because the specifics of restitution had not been set at sentencing, the restitution was illegal. The trial court

agreed and refused to set the amount of restitution. The Commonwealth has appealed from this order,[1] asserting four issues:[2]

1. Deshong validly waived his statutory rights to have restitution determined by the court at sentencing.
2. The trial court improperly extended *Dinoia* to the express waiver at issue in this case.
3. The trial court erred in applying *Dinoia*, which interpreted 18 Pa. C.S.A. § 1106, when the law applicable to this case is 42 Pa.C.S.A. § 9754.
4. Alternatively, even if the order was illegal, the trial court should have entered an order setting restitution.

¶ 4 The trial judge in this case intended restitution as a direct sentence, and 18 Pa.C.S.A. § 1106 requires that restitution be set at sentencing. We, therefore agree with the trial judge that his hands were tied and he was not permitted to set the amount of restitution later when petitioned by the Commonwealth. However, because an illegal direct sentence of restitution was ordered at sentencing, the entire sentencing scheme was upset and.we must vacate the sentence and remand for resentencing.

¶ 5 Unlike the circumstances in *Dinoia*, here the Commonwealth has specifically argued that removing the restitution order upsets the trial judge's sentencing scheme. When a disposition by an appellate court alters the sentencing scheme, the entire sentence should be vacated and the matter remanded for resentencing. *Commonwealth v. Goldhammer*, 512 Pa. 587, 517 A.2d 1280 (1986), *Commonwealth v. Farone*, 808 A.2d 580 (Pa.Super.2002). Here, the trial court imposed probation and restitution, when the Sentencing Guidelines called for a minimum of three months' incarceration. Under these circumstances, we are not confident that the trial court would have settled on probation if it had not also imposed restitution. Therefore, we agree with the Commonwealth that the sentencing scheme is upset. Although we agree with the trial court's result, we will vacate the sentence and remand for resentencing.

¶ 6 A full discussion follows.

¶ 7 The text of the plea agreement is key to our decision. As part of the plea agreement, Deshong agreed to pay restitution but agreed that the probation department would set the specifics:

Defendant further agrees to make restitution on charges to which he pleads guilty (as determined by the Fulton County Probation Department, subject to a hearing if requested). . . .

¶ 8 At sentencing, on a two-page form order, the trial judge ordered 48 months of probation and restitution. On the first page, there are four paragraphs for a variety of different sentences. The first three are for other sentences such as imprisonment or fines and were not used. The fourth paragraph was pre-printed and contained blank lines. As edited by the trial court the fourth paragraph reads:

April 10, 2001 20 [*sic* ][3] the defendant is placed on Probation for a period of 48 months, upon the conditions that the defendant shall pay the costs of prosecu-

---

1. Although the judgment of sentence was entered in April of 2001, we find that the present order refusing to set restitution acts to finalize the sentence. Therefore, this appeal is timely.

2. In the interest of brevity, we paraphrased the Commonwealth's issues.

3. The "2001" was handwritten. The "20" was pre-printed on the form and apparently intended as the first two digits of the year.

tion, pay the sum of $500.00 to the use of the County of Franklin.

¶ 9 Following the fourth paragraph are seven indented paragraphs that list different combinations of probation conditions. The seventh paragraph is simply blank lines, apparently intended for the court to impose a unique condition. Each of these seven paragraphs has a check box. The second and seventh paragraphs are checked off and initialed (presumably by the trial judge). They read:

> The defendant is placed under the supervision of the Fulton County Probation Department and subject to the Rules and Special Conditions for Probation–Parole approved by the Court and authorized to be completed by the Probation Department, and any special condition of probation imposed by the supervision staff of the Department.

> Defendant shall complete 200 hours of Community Service through a Volunteer Fire Company.

¶ 10 At the bottom of the first page is the judge's signature, below which is a handwritten notation: "Page 1 of 2."

¶ 11 The second page of the sentencing form lists the caption at the top, has a blank for the date, an introductory sentence, and then continues the order. There are 15 paragraphs with check boxes, two of which are checked and initialed. Reading the introductory sentence together with the checked paragraphs, the second page reads:

> April 10, 2001, it is further ordered:

> That restitution shall be made in the amount of $TBD to person or entities to be determined as determined to be due and payable by the Fulton County Probation Department.

That the defendant shall pay $25.00 per month supervision fee under the provisions of Act 35.

The second page ends with the judge's signature and a notation "Page 2 of 2."

■ ¶ 12 Reading the sentencing order in its totality, we think the restitution was a direct sentence rather than a condition of probation. The conditions of probation are on the first page. Although the conditions do not specifically include restitution, the trial court could have easily written the restitution directive on the blank lines in the conditions of probation section. Instead, he wrote it on the blank lines on the second page. Page 2, where restitution was ordered, contains a check-list for other orders of the court. Additionally, the restitution order follows the words "It is further ordered," and the judge did not say the restitution was a condition of probation. Rather, he simply ordered Deshong to pay it. Considering the total circumstances, we conclude that restitution was a direct penal sentence.

■ ¶ 13 As a direct sentence, the court was required to set the manner and amount of restitution at sentencing. 18 Pa.C.S.A. § 1106(c)(2); *see also Dinoia,* 801 A.2d at 1256. But whether it was a condition of probation or a direct sentence, the amount and manner of restitution must be determined by the sentencing court. *Commonwealth v. Erb,* 286 Pa.Super. 65, 428 A.2d 574, 582 (1981); *Commonwealth v. Fuqua,* 267 Pa.Super. 504, 407 A.2d 24, 27 (1979).

¶ 14 Restitution is authorized under both the Crimes Code and under the Sentencing Code. The Crimes Code, in 18 Pa. C.S.A. § 1106, controls restitution as a direct sentence.[4] The Sentencing Code, in 42 Pa.C.S. § 9754, permits a sentence of probation and offers a non-exclusive list of

---

4. The text of 18 Pa.C.S.A. § 1106 is in the appendix found at the end of this opinion.

permissible conditions of probation, including restitution.[5]

¶ 15 The two sections work in tandem and both can be given full effect. Probation is a separate sentence permitted by the Sentencing Code under certain circumstances. 42 Pa.C.S.A. §§ 9721(a)(1),[6] 9722.[7] When the trial court chooses to impose a sentence of probation, it may attach conditions to the defendant staying on probation and not being put in jail, including paying restitution, whether the restitution is also a separate penal sentence or a rehabilitative condition of probation. 42 Pa.C.S.A. § 9754(b).

¶ 16 The Commonwealth insists that the restitution here was a "constructive alternative to incarceration," so it was not punitive and part of the sentence but rehabilitative and a condition of probation. Even if it were a condition of probation, the sentencing court bears the duty of determining the specifics of restitution. "The court [is] not free to delegate these duties to an agency." *Erb*, 428 A.2d at 582. Here, the trial court improperly permitted the Fulton County Probation Department to determine the amount and recipients of restitution. Because this restitution order amounted to an illegal sentence, we reject the Commonwealth's waiver argument. An illegal sentence cannot be waived. *Commonwealth v. Randal*, 837 A.2d 1211, 1214 (Pa.Super.2003).

¶ 17 The Commonwealth maintains that if we find the restitution order illegal, we should vacate the sentence and remand for resentencing, which would allow the trial court to comply with the statute. We agree. As we explained above, if our disposition apparently "alter[s] the sentenc-ing scheme of the trial court," we must vacate the sentence and remand for resentencing. *Goldhammer*, 517 A.2d at 1283; *Farone, supra.*

¶ 18 The particular history of this case makes this a proper disposition. Although the statute changed in 1998, *Dinoia* had not highlighted the effect of the change at the time the plea was offered. Likewise, it probably would not be part of the sentencing scheme of the judge to make the victims of the fraud await the outcome of a civil claim.

¶ 19 For example, in *Farone, supra,* we also directed resentencing on all bills, the total sentence was reduced after one set of charges was found invalid. On the charges we invalidated (unlawfully acquiring a controlled substance by fraud), Farone had received two consecutive five year terms of probation—a total of ten years' probation. On remaining charges of theft by unlawful taking and possession of a controlled substance, he received a total of two years probation concurrent to the ten-year probationary term. 808 A.2d 580 at 581. Therefore, the total probation was reduced from ten years to two years, which did alter the sentencing scheme in that case. 808 A.2d at 583.

¶ 20 Similarly, in this case, the guideline sentence called for a minimum of three months of incarceration. Instead, the trial court initially imposed only 48 months probation plus restitution and costs. The restitution would likely be a significant number, given the particular crime involved. Therefore, without the restitution, we are not confident that the trial court would have imposed probation. Therefore, be-

---

5. The text of 42 Pa.C.S.A. § 9754 is in the appendix found at the end of this opinion.

6. The text of 42 Pa.C.S.A. § 9721 is in the appendix found at the end of this opinion.

7. The text of 42 Pa.C.S.A. § 9722 is in the appendix found at the end of this opinion.

cause the sentencing scheme has been upset, we vacate the entire sentence and remand for complete resentencing. *Cf. Commonwealth v. Anders,* 555 Pa. 467, 725 A.2d 170 (1999) (holding that discharge of defendant is appropriate for violation of 60–day sentencing rule only if defendant shows prejudice).

¶ 21 Three issues that will bear on resentencing remain unanswered, and the trial court should address them during resentencing:

1. Whether the harm the restitution will address was the indirect result of the insurance fraud; if it was, then restitution may be imposed only as a condition of probation, not as a direct sentence; *Commonwealth v. Popow,* 844 A.2d 13 (Pa.Super.2004);

2. Whether the trial court can impose restitution as a condition of probation, if the defendant at that time cannot afford to pay the restitution but is anticipated to be able to pay in the future; and

3. Whether following *Commonwealth v. Erb,* [286 Pa.Super. 65] 428 A.2d 574 (Pa.Super.1980[1981]) and *Commonwealth v. Fuqua,* [267 Pa.Super. 504] 407 A.2d 24 (Pa.Super.1979), a trial judge can set an amount of restitution at the time of sentencing when it is a condition of probation, recognizing that it may later need to be modified?

¶ 22 Because these issues were not before us in this appeal, we express no opinion on their resolution. They will have to be considered by the trial court in the first instance.

¶ 23 Judgment of sentence vacated. Case remanded for proceedings consistent with this decision. Jurisdiction relinquished.

¶ 24 OLSZEWSKI, J., files a Dissenting Opinion.

Appendix

**18 Pa.C.S.A. § 1106. Restitution for injuries to person or property.**

**(a) General rule.**—Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.

**(b) Condition of probation or parole.**—Whenever restitution has been ordered pursuant to subsection (a) and the offender has been placed on probation or parole, his compliance with such order may be made a condition of such probation or parole.

**(c) Mandatory restitution.**—

(1) The court shall order full restitution:
   (i) Regardless of the current financial resources of the defendant, so as to provide the victim with the fullest compensation for the loss. The court shall not reduce a restitution award by any amount that the victim has received from the Crime Victim's Compensation Board or other governmental agency but shall order the defendant to pay any restitution ordered for loss previously compensated by the board to the Crime Victim's Compensation Fund or other designated account when the claim involves a government agency in addition to or in place of the board. The court shall not reduce a restitution award by any amount that the victim has received from an insurance company but shall

order the defendant to pay any restitution ordered for loss previously compensated by an insurance company to the insurance company.

(ii) If restitution to more than one person is set at the same time, the court shall set priorities of payment. However, when establishing priorities, the court shall order payment in the following order:

(A) The victim.

(B) The Crime Victim's Compensation Board.

(C) Any other government agency which has provided reimbursement to the victim as a result of the defendant's criminal conduct.

(D) Any insurance company which has provided reimbursement to the victim as a result of the defendant's criminal conduct.

(2) At the time of sentencing the court shall specify the amount and method of restitution. In determining the amount and method of restitution, the court:

(i) Shall consider the extent of injury suffered by the victim, the victim's request for restitution as presented to the district attorney in accordance with paragraph (4) and such other matters as it deems appropriate.

(ii) May order restitution in a lump sum, by monthly installments or according to such other schedule as it deems just.

(iii) Shall not order incarceration of a defendant for failure to pay restitution if the failure results from the offender's inability to pay.

(iv) Shall consider any other preexisting orders imposed on the defendant, including, but not limited to, orders imposed under this title or any other title.

(3) The court may, at any time or upon the recommendation of the district attorney that is based on information received from the victim and the probation section of the county or other agent designated by the county commissioners of the county with the approval of the president judge to collect restitution, alter or amend any order of restitution made pursuant to paragraph (2), provided, however, that the court states its reasons and conclusions as a matter of record for any change or amendment to any previous order.

(4) (i) It shall be the responsibility of the district attorneys of the respective counties to make a recommendation to the court at or prior to the time of sentencing as to the amount of restitution to be ordered. This recommendation shall be based upon information solicited by the district attorney and received from the victim.

(ii) Where the district attorney has solicited information from the victims as provided in subparagraph (i) and has received no response, the district attorney shall, based on other available information, make a recommendation to the court for restitution.

(iii) The district attorney may, as appropriate, recommend to the court that the restitution order be altered or amended as provided in paragraph (3).

(d) **Limitations on district justices.**— Restitution ordered by a district justice shall be limited to the return of the actual property or its undisputed dollar amount or, where the claim for restitution does not exceed the civil jurisdictional limit specified in 42 Pa.C.S.A. § 1515(a)(3) (relating to jurisdiction) and is disputed as to amount, the district justice shall determine and order the dollar amount of restitution to be made.

**(e) Restitution payments and records.—** Restitution, when ordered by a judge, shall be made by the offender to the probation section of the county in which he was convicted or to another agent designated by the county commissioners with the approval of the president judge of the county to collect restitution according to the order of the court or, when ordered by a district justice, shall be made to the district justice. The probation section or other agent designated by the county commissioners of the county with the approval of the president judge to collect restitution and the district justice shall maintain records of the restitution order and its satisfaction and shall forward to the victim the property or payments made pursuant to the restitution order.

**(f) Noncompliance with restitution order.—** Whenever the offender shall fail to make restitution as provided in the order of a judge, the probation section or other agent designated by the county commissioners of the county with the approval of the president judge to collect restitution shall notify the court within 20 days of such failure. Whenever the offender shall fail to make restitution within 20 days to a district justice, as ordered, the district justice shall declare the offender in contempt and forward the case to the court of common pleas. Upon such notice of failure to make restitution, or upon receipt of the contempt decision from a district justice, the court shall order a hearing to determine if the offender is in contempt of court or has violated his probation or parole.

**(g) Preservation of private remedies.—** No judgment or order of restitution shall debar the owner of the property or the victim who sustained personal injury, by appropriate action, to recover from the offender as otherwise provided by law, provided that any civil award shall be re-duced by the amount paid under the criminal judgment.

**(h) Definitions.—** As used in this section, the following words and phrases shall have the meanings given to them in this subsection:

**"Crime."** Any offense punishable under this title or by a district justice.

**"Injury to property."** Loss of real or personal property, including negotiable instruments, or decrease in its value, directly resulting from the crime.

**"Offender."** Any person who has been found guilty of any crime.

**"Personal injury."** Actual bodily harm, including pregnancy, directly resulting from the crime.

**"Property."** Any real or personal property, including currency and negotiable instruments, of the victim.

**"Restitution."** The return of the property of the victim or payments in cash or the equivalent thereof pursuant to an order of the court.

**"Victim."** As defined in section 479.1 of the act of April 9, 1929 (P.L. 177, No. 175), known as The Administrative Code of 1929. The term includes the Crime Victim's Compensation Fund if compensation has been paid by the Crime Victim's Compensation Fund to the victim and any insurance company that has compensated the victim for loss under an insurance contract.

**42 Pa.C.S.A. § 9754. Order of probation.**

**(a) General rule.—** In imposing an order of probation the court shall specify at the time of sentencing the length of any term during which the defendant is to be supervised, which term may not exceed the maximum term for which the defendant could be confined, and the authority that shall conduct the supervision.

**(b) Conditions generally.**—The court shall attach such of the reasonable conditions authorized by subsection (c) of this section as it deems necessary to insure or assist the defendant in leading a law-abiding life.

**(c) Specific conditions.**—The court may as a condition of its order require the defendant:

(1) To meet his family responsibilities.

(2) To devote himself to a specific occupation or employment.

(2.1) To participate in a public or non-profit community service program unless the defendant was convicted of murder, rape, aggravated assault, arson, theft by extortion, terroristic threats, robbery or kidnapping.

(3) To undergo available medical or psychiatric treatment and to enter and remain in a specified institution, when required for that purpose.

(4) To pursue a prescribed secular course of study or vocational training.

(5) To attend or reside in a facility established for the instruction, recreation, or residence of persons on probation.

(6) To refrain from frequenting unlawful or disreputable places or consorting with disreputable persons.

(7) To have in his possession no firearm or other dangerous weapon unless granted written permission.

(8) To make restitution of the fruits of his crime or to make reparations, in an amount he can afford to pay, for the loss or damage caused thereby.

(9) To remain within the jurisdiction of the court and to notify the court or the probation officer of any change in his address or his employment.

(10) To report as directed to the court or the probation officer and to permit the probation officer to visit his home.

(11) To pay such fine as has been imposed.

(12) To participate in drug or alcohol treatment programs.

(13) To satisfy any other conditions reasonably related to the rehabilitation of the defendant and not unduly restrictive of his liberty or incompatible with his freedom of conscience.

(14) To remain within the premises of his residence during the hours designated by the court.

**(d) Sentence following violation of probation.**—The sentence to be imposed in the event of the violation of a condition shall not be fixed prior to a finding on the record that a violation has occurred.

**42 Pa.C.S.A. § 9721. Sentencing generally.**

**(a) General rule.**—In determining the sentence to be imposed the court shall, except as provided in subsection (a.1), consider and select one or more of the following alternatives, and may impose them consecutively or concurrently:

(1) An order of probation.

(2) A determination of guilt without further penalty.

(3) Partial confinement.

(4) Total confinement.

(5) A fine.

(6) Intermediate punishment.

**(a.1) Exception.**—Unless specifically authorized under section 9763 (relating to sentence of intermediate punishment), subsection (a) shall not apply where a mandatory minimum sentence is otherwise provided by law.

**(b) General standards.**—In selecting from the alternatives set forth in subsection (a) the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of

the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. The court shall also consider any guidelines for sentencing adopted by the Pennsylvania Commission on Sentencing and taking effect pursuant to section 2155 (relating to publication of guidelines for sentencing). In every case in which the court imposes a sentence for a felony or misdemeanor, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed. In every case where the court imposes a sentence outside the sentencing guidelines adopted by the Pennsylvania Commission on Sentencing pursuant to section 2154 (relating to adoption of guidelines for sentencing) and made effective pursuant to section 2155, the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines. Failure to comply shall be grounds for vacating the sentence and resentencing the defendant.

(c) **Mandatory restitution.**—In addition to the alternatives set forth in subsection (a) of this section the court shall order the defendant to compensate the victim of his criminal conduct for the damage or injury that he sustained. For purposes of this subsection, the term "victim" shall be as defined in section 479.1 of the act of April 9, 1929 (P.L. 177, No. 175), known as The Administrative Code of 1929.

(d) **Detailed criteria.**—With respect to each alternative the criteria to be considered by the court are set forth in this subchapter.

(e) **Term of imprisonment.**—All sentences of imprisonment imposed under this chapter shall be for a definite term.

**42 Pa.C.S.A. § 9722. Order of probation.**

The following grounds, while not controlling the discretion of the court, shall be accorded weight in favor of an order of probation:

(1) The criminal conduct of the defendant neither caused nor threatened serious harm.

(2) The defendant did not contemplate that his conduct would cause or threaten serious harm.

(3) The defendant acted under a strong provocation.

(4) There were substantial grounds tending to excuse or justify the criminal conduct of the defendant, though failing to establish a defense.

(5) The victim of the criminal conduct of the defendant induced or facilitated its commission.

(6) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained.

(7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the present crime.

(8) The criminal conduct of the defendant was the result of circumstances unlikely to recur.

(9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime.

(10) The defendant is particularly likely to respond affirmatively to probationary treatment.

(11) The confinement of the defendant would entail excessive hardship to him or his dependents.

(12) Such other grounds as indicate the desirability of probation.

OLSZEWSKI, J, dissenting.

¶ 1 With all of my admiration for the two jurists who comprise the majority, I cannot bow to their resolution of this case. What follows is how I would resolve the contentious issue of restitution that is now before us.

¶ 2 This case concerns the ability of a trial judge to impose restitution on a defendant after the time of sentencing. Relying on *Commonwealth v. Dinoia*, 801 A.2d 1254 (Pa.Super.2002), the trial court felt compelled to grant relief to Mr. Deshong. While I believe that *Dinoia* guides the resolution of this issue, the current case differs in several material respects. This case involves a plea agreement where defendant, at the time of sentencing, agreed to pay restitution in an amount *to be determined later* by the county probation department. When the time came to establish the exact amount of restitution the defendant was to pay, the defendant contended that the lower court lacked jurisdiction to compel restitution. With displeasure, the lower court agreed with the defendant.

¶ 3 I, however, believe the trial court has statutory authority to fashion an appropriate restitution award at this time under 42 Pa.C.S. § 9754.

### Facts

¶ 4 Kenneth Deshong, the defendant in the lower action and appellee here, was charged with felony arson [8] and felony in-

surance fraud.[9] The Commonwealth alleged that on January 15, 2001, Deshong intentionally burned down a restaurant that he owned but which was heavily mortgaged. It was also alleged that, with the intent to defraud an insurer, Deshong submitted a statement to his insurance company that "contained false, incomplete or misleading information concerning the facts or things material to the claim."

¶ 5 The charges against Deshong were filed less than a month after the fire. Deshong and the Commonwealth, however, entered into a plea agreement where, if Deshong would plead guilty to felony-three insurance fraud and pay restitution, the Commonwealth would not only *nol pros* the charge of felony-two arson but would also "not oppose [Deshong's] request for a probationary sentence."

¶ 6 With respect to restitution, in his plea Deshong specifically agreed:

Defendant further agrees to make restitution on charges to which he pleads guilty (as determined by the Fulton County Probation Department, subject to a hearing if requested) . . .

¶ 7 On April 10, 2001 (about three months after the fire) Deshong was sentenced to 48 months' probation.[10] At this time, however, the Commonwealth did not have the information required for the lower court to impose a specific amount of restitution. As the lower court declared in its very well-reasoned opinion:

Because the property in question was both insured and subject to a mortgage, equitable interests in the property were somewhat complex. The Pennsylvania State Police and the State Fire Marshal

---

**8.** 18 Pa.C.S. § 3301.

**9.** 18 Pa.C.S. § 4117.

**10.** As the trial judge stated: "Defendant obtained the benefit of his bargain by getting the

probationary sentence he sought, in light of a guideline standard range that would have permitted up to three (3) months of incarceration."

conducted an arson investigation. It is fair to say that the full extent of damage to the subject property was not easily or quickly ascertainable; nor, apparently, was it an easy task to determine precisely the extent of the competing interests of the bank-mortgagee or of the casualty insurer. Certainly such detail was not available at the time of sentencing.

¶ 8 Therefore, the court made a sentencing order that, as to restitution, reiterated the terms agreed to by Deshong in his plea agreement. It stated:

restitution shall be made in an amount of *$TBD* to *persons or entities to be determined* as determined to be due and payable by the ~~Franklin~~ Fulton County Probation Department.

¶ 9 A year passes. The Fulton County Probation Department was still, however, having problems "determining the precise amount of restitution due, and to whom it was due." Because of this, the lower court told the probation department to write a memo which would guide the court in its determination of "the restitution sought by the bank on its mortgage interest and by the insurer on the casualty insurance policy." After receiving the memo, the court scheduled a restitution hearing for October 15, 2002.

¶ 10 Appellee Deshong objected to this hearing. Citing *Commonwealth v. Dinoia,* appellee argued that the lower court did not have the authority to order him to pay restitution since it was occurring so long after sentencing. The lower court held the hearing and determined that the amount of damage was approximately $150,544. After a thorough review of the matter, however, the lower court determined that it lacked jurisdiction to order Deshong to pay restitution.

¶ 11 The Commonwealth appealed. One of its arguments on this appeal is that the lower court's intention at sentencing was to impose restitution as a "constructive alternative to imprisonment." Because of this, the Commonwealth declares, the lower court was not constrained by the strict mandates of 18 Pa.C.S. § 1106. Rather, its ability to impose sanctions fell under the more lenient 42 Pa.C.S. § 9754.

### Dissenting Analysis

¶ 12 "[A]n order of restitution must be based upon statutory authority. In the context of a criminal case, restitution may be imposed either as a direct sentence, 18 Pa.C.S. § 1106(a), or as a condition of probation, 42 Pa.C.S. § 9754." *In the Interest of M.W.,* 555 Pa. 505, 511, 725 A.2d 729, 731–32 (1999) (citation omitted). Our Supreme Court has stated that § 1106 is very narrow in scope. It applies "only for those crimes to property or person where there has been a loss that flows from the conduct which forms the basis of the crime for which a defendant is held criminally accountable." *Commonwealth v. Harner,* 533 Pa. 14, 21, 617 A.2d 702, 706 (1992).

¶ 13 In the current case, appellee pled guilty to *insurance fraud.* As the trial court states: "with the intent to defraud an insurer, the Defendant presented or caused to be presented to the insurer a statement forming a part of a claim that contained false, incomplete or misleading information concerning the facts or things material to the claim." Trial Court Opinion, 3/19/03, at 1. A few days later, however, appellee notified his insurer that he was "not, in actuality, making a claim" and a few days after that, appellee admitted what he did to the police. *Id.* at 3. To make a long story short, it does not seem that *any* damage accrued from the "conduct [*i.e.,* the presenting of the false claim] which forms the basis of the crime for which a defendant is held criminally accountable [which in this case was insurance

fraud]." *Harner*, 533 Pa. at 21, 617 A.2d at 706.

¶ 14 Rather, the damage here occurred because of the arson. The arson in this case was *nol prossed*. Appellee, thus, was never held "criminally accountable" for the arson. In the absence of any damages that accrued as a result of the insurance fraud, the trial court *could not have* ordered restitution as a direct sentence under 18 Pa.C.S. § 1106. The only way the trial court *could* authorize the payment of restitution in this matter is under the authority found in 42 Pa.C.S. § 9754. The reason for this is § 9754 allows a court to fashion a restitution order after considering "all the direct *and indirect* damages caused by a defendant." *Commonwealth v. Colon*, 708 A.2d 1279, 1282 (Pa.Super.1998). Thus, § 1106 and *Commonwealth v. Dinoia* probably are both inapplicable in the current case.

¶ 15 There is even more evidence that the restitution order was a condition of probation rather than as a direct sentence. Most noticeably is the fact that appellee actually received probation as opposed to any sort of jail time or intermediate confinement. As a condition of this probation, the trial court had wide latitude to "fashion probationary conditions designed to rehabilitate the defendant and provide some measure of redress to the victim." *In the Interest of M.W.*, 555 Pa. at 511, 725 A.2d at 732.

¶ 16 Also, as the trial court itself stated, the restitution order was obviously intended as a "constructive alternative to imprisonment." *Commonwealth v. Walton*, 483 Pa. 588, 598, 397 A.2d 1179, 1184 (1979). It declared in its opinion:

the circumstances of this case, the speed with which it was resolved, and the ultimate manner in which the defendant was sentenced make clear that it was this court's intention at sentencing to

rehabilitate the defendant; and to allow him to make reparations to his victims as was his expressed desire; and to allow him to avoid imprisonment, given his age, his contrition and his flawless prior record as a law-abiding citizen.

Trial Court Opinion and Order, 1/29/03, at 9.

¶ 17 Beyond peradventure, this restitution order was constructed as a condition of probation. In such cases, a trial court has statutory authority to order restitution under 42 Pa.C.S. § 9754. As stated above, this section allows the court to impose restitution "in an amount [the defendant] can afford to pay, for the loss or damage caused thereby." 42 Pa.C.S. § 9754(c)(8). The question now is whether § 9754 requires the specific amount of restitution to be determined at the time of sentencing. Statute and precedent answer in a resounding chorus of "no."

¶ 18 42 Pa.C.S. § 9754 is construed by our Supreme Court in a much more relaxed manner than its 18 Pa.C.S. § 1106 counterpart. *In the Interest of M.W.*, 555 Pa. at 511, 725 A.2d at 732. The reason for this is discovered by examining the purposes behind the two statutes. Our Supreme Court has found that § 1106 is intended to impose restitution as punishment. Its penal nature requires courts to strictly construe the statute. *Harner*, 533 Pa. at 19, 617 A.2d at 705.

¶ 19 42 Pa.C.S. § 9754, on the other hand, is actually intended to *help* a defendant. While that last sentence may be laughed off by the vast majority of defendants who are obliged to pay restitution as a condition of their probation, it is still true. Probationary conditions such as the condition to pay restitution under § 9754(c)(8) are "primarily aimed at rehabilitating and reintegrating a law breaker into society as a law-abiding citizen."

*Harner,* 533 Pa. at 22, 617 A.2d at 706. We thus encourage restitution orders and give a trial court a certain flexibility "to determine all the direct and indirect damages caused by a defendant and then permit the court to order restitution so that the defendant will understand the egregiousness of his conduct, be deterred from repeating this conduct, and be encouraged to live in a responsible way." *Colon,* 708 A.2d at 1282. Courts are therefore "traditionally and properly invested with a broader measure of discretion in fashioning conditions of probation appropriate to the circumstances of the individual case." *Walton,* 483 Pa. at 598, 397 A.2d at 1184.

¶ 20 And why are the two statutes looked at so differently? The primary reason is this: under the penal § 1106, an order of restitution is *for the full amount of the loss* "[r]egardless of the current financial resources of the defendant, so as to provide the victim with the fullest compensation for the loss." 18 Pa.C.S. § 1106(c)(1)(i). Under this statute, it does not even matter if the victim was already compensated by insurance—in that case, the offender has to pay back the insurance company! Now, move your eyes to 42 Pa.C.S. § 9754. This statute explicitly declares that any restitution amount ordered by the court be *"in an amount [the defendant] can afford to pay."* § 9754 is simply not meant to punish the offender; its primary purpose is *teaching* the defendant to *appreciate* the wrongs he committed.

¶ 21 Further, the *plain language* of § 9754 does not require the specific amount of restitution to be determined at the time of sentencing. § 9754(c) declares that "[t]he court may as a condition of its order require the defendant ... (8) To make restitution of the fruits of his crime or to make reparations, in an amount he can afford to pay, for the loss or damage caused thereby." At sentencing in the current case, the court *did order* the defendant to make restitution. But since the amount of restitution was at that time indeterminate, the lower court postponed the final resolution of this question until more information was available.

¶ 22 I cannot find, and I believe it is improper to read into this probationary statute, any requirement that the amount of restitution be specified at the time of sentencing. This is especially true in light of § 9754(a), which declares that if a court orders probation it must specify at the time of sentencing: (1) "the length of any term during which the defendant is to be supervised," and (2) "the authority that shall conduct the supervision." The absence of such mandatory language with respect to restitution, found just two subsections below the quoted language, goes against a finding that the court must specify the restitution amount at the time of sentencing.

¶ 23 Comparing the § 9754 restitution provision to the restitution provision in the Crimes Code adds credence to this interpretation. In 18 Pa.C.S. § 1106, the Pennsylvania Legislature declared outright that "[a]t the time of sentencing the court shall specify the amount and method of restitution." It was because of this language that we held in *Commonwealth v. Dinoia:* "18 Pa.C.S. § 1106(c)(4) ... imposed upon the court the requirement that if restitution is ordered, the amount must be determined at the time of sentencing." *Dinoia,* 801 A.2d at 1257 (emphasis omitted).

¶ 24 Thus, it was the specific language found in the § 1106 restitution statute, as well as the fact that this is a penal statute, that compelled the *Dinoia* result. The strict, mandatory language contained in § 1106 is noticeably absent from 42 Pa. C.S. § 9754.

¶ 25 In conclusion, I believe that the plain language and non-penal nature of

§ 9754 does not require a court to specify the amount of restitution at the time of sentencing. To be sure, if the court wishes to compel restitution under the mandates of § 9754(c)(8) it must, as § 9754 says, make that order at the time of sentencing. It may, however, hold a later restitution hearing to determine the exact amount of restitution the defendant must pay.

¶ 26 At sentencing in the current case, restitution was not only ordered, but appellee specifically *bargained for* the paying of restitution in exchange for a probationary sentence and the arson charges to be *nol prossed.* While the specific amount of restitution the defendant was going to have to pay was unknown, the trial court declared:

> everyone was on the same page as of the time of sentencing: the Commonwealth, the Defendant and the Defendant's victims were aware [1] that restitution would be substantial, [2] that the amount of restitution had not been distilled to a liquidated sum and [3] that there were competing interests between the mortgagee-bank and the casualty insurer as to how much restitution each was owed.

Trial Court Opinion and Order, 1/29/03, at 4.

¶ 27 I would therefore reverse the trial court; since restitution was ordered at the time of sentencing, 42 Pa.C.S. § 9754 gave the court time to inform itself of all the direct and indirect damages caused by Mr. Deshong's crime and then specify the amount of restitution he must pay *at a later date.* With that said, I respectfully dissent.