J-A27024-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MARQUELL HANSBREW, | : | |
| | : | |
| Appellant | : | No. 49 WDA 2014 |

Appeal from the Judgment of Sentence Entered November 26, 2013,
In the Court of Common Pleas of Erie County,
Criminal Division, at No. CP-25-CR-0001500-2013.

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN and MUSMANNO, JJ.

MEMORANDUM BY SHOGAN, J.                    **FILED SEPTEMBER 28, 2015**

Appellant, Marquell Hansbrew, appeals from the judgment of sentence entered on November 26, 2013, in the Court of Common Pleas of Erie County.  After careful consideration, we vacate and remand.

The trial court summarized the procedural and factual history of this case as follows:

> On March 29, 2013, Appellant entered Candy's Notary Service in the City of Erie where the victim, Catherine Miller, was working.  Appellant grabbed the victim, threw her on the floor, and pushed a semi-automatic pistol to the back of her head and neck.  Appellant yelled at her, "Where's the money at?" and dragged her around the office looking for money.  After taking $1,200.00, Appellant fled when he realized the victim had called 911.
>
> After a jury trial on September 23, 2013, Appellant was found guilty of the following:

Count 1:    Robbery, 18 Pa.C.S.A. §3701(a)(1)(ii);
Count 2:    Aggravated Assault, 18 Pa.C.S.A. §2702(a)(1);
Count 5:    Theft by Unlawful Taking, 18 Pa.C.S.A. §3921(a);
Count 6:    Theft by Receiving Stolen Property, 18 Pa.C.S.A. §3925(a);
Count 7:    Possessing Instruments of Crime, 18 Pa.C.S.A. §907(a); and
Count 8:    Recklessly Endangering Another Person, 18 Pa.C.S.A. §2705.

The jury also found that a deadly weapon was used to commit the robbery and that the value of the property taken was $1,200.

Appellant waived his right to a jury trial as to Count 3, Persons not to Possess Firearms, 18 Pa.C.S.A. §6105(a)(1). Appellant was found guilty of Count 3 by [the trial court].

On November 26, 2013, Appellant was sentenced at Count 1, Robbery, to 60 to 120 months of incarceration; at Count 2, Aggravated Assault, to 60 to 120 months of incarceration consecutive to Count 1; and at Count 3, Persons not to Possess Firearms, to five years of probation consecutive to Count 2. The remaining counts merged with Counts 1 or 2 for sentencing purposes.

Trial Court Opinion, 1/9/15, at 1-2.

The record reflects that Appellant was represented at trial and during sentencing by Attorney Michael DeJohn from the Public Defender's Office. Attorney DeJohn filed a motion for post-sentence relief, which was denied on December 9, 2013. A different attorney, Anthony Rodriques, filed a notice of appeal on Appellant's behalf on December 27, 2013.[1] By order dated January 2, 2014, the trial court directed that a statement pursuant to

_____

[1] The record lacks any indication that Attorney Rodriques entered his appearance on Appellant's behalf prior to filing the notice of appeal.

Pa.R.A.P. 1925(b) be filed within twenty-one days from the entry of the order. The order also granted Appellant the right to proceed *in forma pauperis*. Order, 1/2/14, at 1.

Subsequently, Attorney DeJohn filed both a notice of appeal and a Pa.R.A.P. 1925(b) statement on January 8, 2014. Despite the Rule 1925(b) statement being filed by Attorney DeJohn, Attorney Rodriques inexplicably filed a motion for extension of time to file a Pa.R.A.P. 1925(b) statement. By order dated January 23, 2014, the trial court granted the motion for extension of time filed by Attorney Rodriques and directed that the statement be filed on or before February 10, 2014. Trial Court Order, 1/23/14, at 1. The trial court subsequently issued the following order:

> AND NOW, to-wit, this 27th day of January, 2014, inasmuch as Anthony Rodriques, Esquire has entered his appearance by the filing of a Notice of Appeal with the Superior Court on December 27, [2013], it is hereby ORDERED, ADJUDGED and DECREED Michael DeJohn, Esquire, and the Public Defender's Office of Erie County are withdrawn from this case. Attorney Rodriques shall comply with this Court's Order of January 23, 2013 and file a Concise Statement of Matters Complained of on Appeal on or before February 10, 2014.

Order, 1/27/14, at 1.

On February 12, 2014, the trial court issued an order holding that, because Appellant had failed to timely file his statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), there were no appellate issues to address, and therefore, no further opinion would be

issued. Trial Court Opinion, 2/12/14, at 1. The case was transmitted to this Court on February 27, 2014.

On March 11, 2014, Attorney Rodriques filed a motion to file a Pa.R.A.P. 1925(b) statement *nunc pro tunc*. Counsel asserted that his error alone was the reason that a Pa.R.A.P. 1925(b) statement was not filed on Appellant's behalf. Motion to file concise statement of matters complained of *nunc pro tunc*, 3/11/14, at 1-2. The trial court issued an order dated March 12, 2014, denying the motion on the basis that the record had been forwarded to this Court.

The failure to file a Rule 1925(b) statement, when so ordered by the trial court, is *per se* ineffective assistance of counsel. **Commonwealth v. Mitchell**, 986 A.2d 1241, 1244 n.4 (Pa. Super. 2009), Pa.R.A.P. 1925(c)(3). Thus, this Court issued a memorandum remanding this matter and directing counsel to file a Pa.R.A.P. 1925(b) statement. **Commonwealth v. Hansbrew**, 49 WDA 2014, 108 A.3d 115 (Pa. Super. filed October 15, 2014) (unpublished memorandum at 4). On remand, the trial court issued an order entered November 24, 2014, directing counsel to file a Pa.R.A.P. 1925(b) statement within twenty days from the date of the order. Counsel filed a Pa.R.A.P. 1925(b) statement on December 15, 2014. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on January 9, 2015.

On appeal, Appellant presents the following issues for our review:

> (a) Whether the Defense Counsel was ineffective for reason he failed to seek or request the Court to provide the jury alibi instructions.
>
> (b) Whether the Defense Counsel was ineffective for failing to file a motion challenging the weight of the evidence.

Appellant's Brief at 3 (unnumbered) (verbatim).

We first note that the issues raised in Appellant's brief were not issues raised in his Pa.R.A.P. 1925(b) statement. Therefore, Appellant's issues are waived. "Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." **Commonwealth v. Hill**, 16 A.3d 484, 491 (Pa. 2011) (quoting **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998)).

Moreover, Appellant's claims involve allegations of ineffective assistance of counsel. As noted in this Court's previous memorandum, ineffectiveness of counsel claims cannot be raised on direct appeal. **See Commonwealth v. Holmes**, 79 A.3d 562, 563-564 (Pa. 2013) (absent either good cause or exceptional circumstances and a waiver of post-conviction review, claims of ineffective assistance of counsel must await collateral review).

Thus, the two claims raised by Appellant in his brief are not properly before this Court. However, there is an issue regarding the legality of Appellant's sentence that this Court may address *sua sponte*. **Commonwealth v. Johnson**, 873 A.2d 704, 708, n.1 (Pa. Super. 2005)

("Challenges to an illegal sentence can never be waived and may be reviewed *sua sponte* by the Superior Court.").

We note that Appellant received a mandatory minimum sentence of five years for the robbery conviction under 42 Pa.C.S. § 9712 (committing crimes of violence while in visible possession of a firearm). Sentencing Order, 11/26/13, at 1; Guideline Sentence Form, 11/27/13, at 1. Section 9712 has been held unconstitutional following the United States Supreme Court's decision in **Alleyne v. United States**, ___ U.S. ___ , 133 S.Ct. 2151 (2013). **See Commonwealth v. Valentine**, 101 A.3d 801, 812 (Pa. Super. 2014) (holding 42 Pa.C.S. § 9712, pertaining to mandatory minimum sentencing provisions associated with the commission of certain crimes with a firearm, unconstitutional). "[A] challenge to a sentence premised upon **Alleyne** . . . implicates the legality of the sentence and cannot be waived on appeal." **Commonwealth v. Newman**, 99 A.3d 86, 90 (Pa. Super. 2014).

Given the foregoing, we vacate Appellant's robbery sentence. On remand, the trial court is instructed to resentence Appellant on the robbery conviction without reference to the mandatory minimum sentencing statute. However, because we are vacating a sentence in a multiple conviction case, which may upset the overall sentencing scheme, we vacate the entire judgment of sentence. **Commonwealth v. Deshong**, 850 A.2d 712, 714 (Pa. Super. 2004) ("When a disposition by an appellate court alters the

sentencing scheme, the entire sentence should be vacated and the matter remanded for resentencing.").

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/28/2015