J.S13031/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DEBRA MARIE SYCK, | : | |
| | : | |
| Appellant | : | |
| | : | No. 1008 WDA 2015 |

Appeal from the Judgment of Sentence March 9, 2015
in the Court of Common Pleas of Allegheny County Criminal Division
at No(s): CP-02-CR-0012548-2014

BEFORE: LAZARUS, STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED FEBRUARY 17, 2016**

Appellant, Debra Marie Syck, appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas following her guilty plea to one count of theft property lost, mislaid or delivered by mistake[1] and one count of receiving stolen property.[2] Appellant contends the trial court erred in modifying the restitution order to the victim over thirty days after sentencing in violation of 18 Pa.C.S. § 1106(c)(3) and 42 Pa.C.S. § 5505. We vacate the modified restitution order and remand for a new sentencing hearing limited to the issue of restitution.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3924.

[2] 18 Pa.C.S. § 3925(a).

On March 9, 2015, following her guilty plea, Appellant was sentenced to two years' probation[3] and ordered to pay restitution in the amount of $1,000. On April 14, 2015, the Commonwealth filed a motion to amend the restitution order. On May 28, 2015, the court entered an order modifying the restitution order to reflect an amount of $7,761.09. The court did not offer any reasons for the modification in its order. This timely appeal followed. Appellant filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal and the trial court filed a responsive opinion.

Appellant raises the following issue for our review:

> I. Did the trial court err in granting the Commonwealth's motion to amend the restitution order, as the trial court granted the Commonwealth's motion without placing any reasons on the record, the Commonwealth filed the motion to amend, and the trial court granted that motion, over 30 days after sentencing in violation of 18 Pa.C.S.A. § 1106(c)(3) and 42 Pa.C.S.A. § 5505.

Appellant's Brief at 5.

Appellant contends the trial court erred in modifying the restitution order without giving the reasons for the modification on the record. *Id.* at 11. Because the modified order was entered more than thirty days after the

---

[3] The docket indicates that the trial court sentenced Appellant to no further penalty for Count 2.

initial order was entered, Appellant contends it violated 18 Pa.C.S. § 1106(c)(3)[4] and 42 Pa.C.S. § 5505.[5]  We agree.

Our review is governed by the following principles:

> In the context of criminal proceedings, an order of restitution is not simply an award of damages, but, rather, a sentence.  An appeal from an order of restitution based upon a claim that a restitution order is unsupported by the record challenges the legality, rather than the discretionary aspects, of sentencing.  The determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary.

---

[4] Section 1106(c)(3) provides:

> (3) The court may, at any time or upon the recommendation of the district attorney that is based on information received from the victim and the probation section of the county or other agent designated by the county commissioners of the county with the approval of the president judge to collect restitution, alter or amend any order of restitution made pursuant to paragraph (2), provided, however, that the court states its reasons and conclusions as a matter of record for any change or amendment to any previous order.

18 Pa.C.S. § 1106(c)(3).

[5] Section 5505 provides:

> Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

42 Pa.C.S. § 5505.

***Commonwealth v. Stradley***, 50 A.3d 769, 771-72 (Pa. Super. 2012) (quotation marks and citations omitted).

In ***Commonwealth v. McKee***, 38 A.3d 879 (Pa. Super. 2012), this Court addressed the issue of the timeliness of the modification of a restitution order.

> We are cognizant that at first blush, any modification of the original restitution order would appear to violate Section 5505 of the Judicial Code . . . . However, as noted by our Supreme Court in ***Commonwealth v. Dietrich***, [ ] 970 A.2d 1131 ([Pa.] 2009), Section 1106(c)(3) of the Crimes Code authorizes a sentencing court to modify restitution orders **at any time provided the court states its reasons as a matter of record**. ***See id.*** [ ] at 1135 (*citing* 18 Pa. Cons. Stat. Ann. § 1106(c)(3)). The Court in ***Dietrich*** further determined that "Section 1106(c)(3)'s broad language indicates a legislative intent that courts have jurisdiction to modify restitution orders **at any time** without regard to when information should have been present for consideration." ***Id.*** [ ] at 1135 (emphasis added).

***Id.*** at 881-82 (footnote omitted and some emphasis added). In the case *sub judice*, the trial court erred as a matter of law in amending the restitution order without stating its reasons. ***See id.***

Next, we consider the remedy. In ***Commonwealth v. Gentry***, 101 A.3d 813 (Pa. Super. 2014), this Court opined:

> [The a]ppellant has not cited any authority for the proposition that a defendant should be discharged from restitution if the trial court imposes an illegal restitution order. Furthermore, our cases have rejected this argument previously. ***See*** [***Commonwealth v.***] ***Mariani***, [869 A.2d 484, 487 (Pa. Super. 2005)] (stating the remedy as "remand[ing] for resentencing rather than vacating the restitution order as [the a]ppellant insists is

appropriate[ ]"); [**Commonwealth v.**] **Deshong**, [850 A.2d 712, 716 (Pa. Super. 2004).] (agreeing with the Commonwealth that because the "disposition apparently alter[ed] the sentencing scheme of the trial court, we must vacate the sentence and remand for resentencing[ ]") (internal quotation marks omitted). As a result, we agree with the Commonwealth that the appropriate remedy is for the trial court to have an opportunity to impose a new restitution order.

**Id.** at 819. Analogously, in the instant case, we vacate the modified restitution order and remand for the trial court to conduct a new sentencing hearing limited to the issue of restitution. **See id.**

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/17/2016

J.S13031/16