J-A27031-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CALVIN PAYNE | : | |
| | : | |
| Appellant | : | No. 3256 EDA 2019 |

Appeal from the Judgment of Sentence Entered September 26, 2019
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0006838-2018

BEFORE: STABILE, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED DECEMBER 1, 2020**

Appellant, Calvin Payne, appeals from the judgment of sentence of 23 months of intermediate punishment, which was imposed after his conviction at a bench trial for simple assault.[1] As part of his sentence, Appellant was also ordered to pay restitution in the amount of $11,019.09 to the Victim Compensation Assistance Program and in the amount of $857.20 directly to the victim. After careful review, we are compelled to find that Appellant has failed to preserve any claims and, ergo, to affirm his judgment of sentence.

In its opinion, the trial court fully and correctly set forth the relevant facts and underlying procedural history of this case. **See** Trial Court Opinion,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 2701(a)(1).

dated February 21, 2020, at 1-14. Therefore, we have no reason to restate them at length here.

For the convenience of the reader, we briefly note that, on August 31, 2018, at 11:01 P.M., police were dispatched to a banquet facility at McCall's Golf Course; upon arriving at the scene, an officer observed Tiffany Leverich ("the Victim") lying on the ground. N.T., 6/20/2019, at 13, 17. The Victim immediately identified Appellant as her assailant. *Id.* at 18.

On September 26, 2019, Appellant was sentenced to 23 months of intermediate punishment and ordered "to pay restitution as follows: First, to the Victims Compensation Assistance Program at their address in the amount of $11,019.09.[2] Secondly, to [the Victim], in the amount of $857.21." N.T., 9/26/2019, at 87.

On October 4, 2019, Appellant filed a motion for reconsideration of sentence, including a challenge to the restitution award; the trial court denied the motion on October 11, 2019. Appellant filed this timely direct appeal on

---

[2]   The $11,019.09 was comprised of four (4) separate awards:

| | |
|---|---|
| January 7, 2019 | $5,022.15 |
| March 1, 2019 | $1,928.95 |
| April 28, 2019 | $1,572.29 |
| June 27, 2019 | $2,495.70 |
| **Total** | **$11,019.09** |

Commonwealth's Sentencing Memo, 9/18/2019, Exh. B.

Trial Court Opinion, dated February 21, 2020, at 34.

November 8, 2019. Appellant thereafter filed his statement of errors complained of on appeal, in which he challenged the weight of the evidence, the discretionary aspects of sentencing, and the amount of restitution awarded.[3] The trial court entered its opinion on February 21, 2020.

Appellant now presents the following issues for our review:

1. Whether the [Commonwealth] presented sufficient evidence at trial to sustain Appellant's conviction for Simple Assault beyond a reasonable doubt?

2. Whether the sentencing court abused its discretion when it sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable?

---

[3] In its opinion, the trial court stated: "Appellant contends the restitution amount of $11,019.09 payable to the Victim's Compensation Assistance Program is excessive and there was no evidence to support the award." Trial Court Opinion, dated February 21, 2020, at 30. However, in his statement of errors complained of on appeal Appellant also explicitly referenced the restitution to be paid to the Victim personally:

23. Additionally, as part of the Appellant's sentence he was also ordered to pay restitution in the amount of $11,019.09 to Victims Compensation Assistance Program and pay restitution in the amount of $857.20 to the [V]ictim personally.

24. The Appellant respectfully suggests that this amount is excessive as there was no sufficient evidence to support where the amount the Victims Compensation Assistance Program paid out while the case was pending trial came from nor how the specific injury was attributable to the actions of the Appellant.

Concise Statement of Matters Complained of on Appeal, 12/11/2019, at ¶¶ 23-24. Accordingly, we find that Appellant's statement of errors included a challenge to the restitution award of $857.20, as well.

3. Whether the restitution amount was excessive, as it was not based on the record, and Appellant is not the "but–for" cause of the injuries to the [V]ictim?

Appellant's Brief at 5 (trial court's answers omitted).

Preliminarily, we observe that Appellant failed to challenge the sufficiency of the evidence in his statement of errors complained of on appeal; accordingly he has waived his first appellate claim. Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."). His challenge to the weight of the evidence in his statement of errors fails to preserve a challenge to the sufficiency of the evidence, as weight and sufficiency are distinct concepts and, consequently, are not interchangeable. *See Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000) (delineating the distinction between a claim challenging the sufficiency of the evidence and a claim challenging the weight of the evidence).

Next, Appellant challenges the discretionary aspects of his sentence of intermediate punishment.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. Prior to reaching the merits of a discretionary sentencing issue[, w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Manivannan*, 186 A.3d 472, 489 (Pa. Super. 2018) (quotation marks and some citations omitted), *reargument denied* (July 7, 2018). In the current case, Appellant filed a timely notice of appeal, preserved his issue in a post-sentence motion, and included a statement in his brief pursuant to Pa.R.A.P. 2119(f) ("Rule 2119(f) Statement"). Appellant's Brief at 25-28. The final requirement, whether the question raised by Appellant is a substantial question meriting our discretionary review, "must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Manivannan*, 186 A.3d at 489 (quotation marks and some citations omitted). "As to what constitutes a substantial question, this Court does not accept bald assertions of sentencing errors. An appellant must articulate the reasons the sentencing court's actions violated the sentencing code." *Commonwealth v. Bebout*, 186 A.3d 462, 470–71 (Pa. Super. 2018) (citations omitted), *reargument denied* (July 10, 2018).

In his Rule 2119(f) Statement, Appellant cites to certain case law, then asserts that this case law applies to his challenge, without articulating how the facts of his matter connect to this case law. *See* Appellant's Brief at 25-28. We cannot accept Appellant's bald assertions of sentencing errors. *Bebout*, 186 A.3d at 470–71. To the extent that Appellant suggests that this

Court look to his statement of errors complained of on appeal for "specific [c]ounts where he asserts the trial court erred or abused its discretion when ordering his judgment of sentence[,]" Appellant's Brief at 28, we observe that "we cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Diehl*, 140 A.3d 34, 45 (Pa. Super. 2016). Ergo, Appellant has failed to "advance[] a colorable argument" that a substantial question exists, and he hence failed to preserve a challenge to the discretionary aspects of his intermediate punishment sentence. *Manivannan*, 186 A.3d at 489.[4]

Finally, Appellant challenges the award of restitution. Appellant's Brief at 33-37.

"[A] challenge to the sentencing court's determination as to the amount of restitution sounds in sentencing discretion and, therefore, must be preserved." *Commonwealth v. Weir*, ___ A.3d ___, No. 28 WAP 2019, at 1, 2020 WL 5822534, at *1 (Pa. filed October 1, 2020) (determining whether a challenge to the amount of restitution imposed pursuant to Section 1106 of

_____

[4] Assuming Appellant had preserved his challenge to the discretionary aspects of his intermediate punishment sentence, we would still find his challenge to be meritless for the reasons discussed in the trial court opinion. *See* Trial Court Opinion, dated February 21, 2020, at 26-30.

the Pennsylvania Crimes Code, 18 Pa.C.S. § 1106,[5] "implicates the discretionary aspects of sentencing or the legality of the sentence, a dichotomy relevant to the need for issue preservation"). Accordingly, we must conduct the aforementioned four-part analysis prior to reaching the merits of this discretionary sentencing issue. *Manivannan*, 186 A.3d at 489. Appellant filed a timely notice of appeal and preserved his issue in a post-sentence motion. However, his Rule 2119(f) Statement makes no mention of restitution. *See* Appellant's Brief at 25-28. Consequently, he has also failed to preserve a challenge to the discretionary aspects of his sentence of restitution. *Manivannan*, 186 A.3d at 489.

Based on the foregoing, we are constrained to find all of Appellant's issues waived, and we may not address the merits of those issues. Hence, we affirm his judgment of sentence.

Judgment of sentence affirmed.

---

[5]     Restitution is authorized under both the Crimes Code and under the Sentencing Code. The Crimes Code, in 18 Pa.C.S. § 1106, controls restitution as a direct sentence. The Sentencing Code, in 42 Pa.C.S. § 9754, permits a sentence of probation and offers a non-exclusive list of permissible conditions of probation, including restitution.

*Commonwealth v. Deshong*, 850 A.2d 712, 715–16 (Pa. Super. 2004). In its opinion, the trial court specifically stated that it ordered the restitution award pursuant to the Crimes Code under 18 Pa.C.S. § 1106. Trial Court Opinion, dated February 21, 2020, at 31. Ergo, it is part of Appellant's direct sentence. *Deshong*, 850 A.2d at 715–16.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/01/2020</u>