J-S55015-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ROBERT M. MILAZZO, | |
| Appellant | No. 124 EDA 2014 |

Appeal from the Order November 27, 2013
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0000687-2012

BEFORE:  BOWES, SHOGAN, and OTT, JJ.

MEMORANDUM BY BOWES, J.:                  **FILED NOVEMBER 25, 2014**

Robert M. Milazzo appeals from the November 27, 2013 order awarding restitution to the victim of a burglary.  We vacate and remand.

On December 7, 2011, Appellant was charged with burglary, trespass, theft, receiving stolen property, and criminal mischief in connection with the December 2, 2011 burglary of James Diamond Jewelry Store on State Route 611 in Mount Pocono.  The affidavit of probable cause indicates the following.  At approximately 10:30 p.m. on the day in question, Pocono Mountain Regional Police responded to an alarm emanating from the store. The glass in the front door and in two display cases of the business were smashed.

Four hours later, a different Pocono Mountain Regional Police Officer came into contact with Appellant, who was intoxicated and walking near a

shopping plaza in Mount Pocono. The officer noticed that Appellant was wearing a diamond wedding band on his small finger and that the ring appeared to be designed for a female rather than a male. The officer drove Appellant home. During the drive, Appellant said that he had been drinking all night at The Copa Bar and Grill, which is a few hundred yards from the jewelry store.

After a warrant was issued for his arrest, Appellant left Pennsylvania. He was eventually located in New York, where he was jailed on assault charges. After Appellant was extradited, he received court-appointed counsel, Frederick Cutaio, Esquire. Nevertheless, on June 13, 2012, he filed *pro se* motions seeking discovery and a bill of particulars. On June 21, 2012, Appellant filed several more *pro se* motions, including one to suppress a videotape of the crime captured by the store's surveillance system. In August and September 2012, Appellant filed four additional *pro se* motions, which were all forwarded to counsel.

On February 4, 2013, counsel filed a motion to dismiss under Rule 600; that motion was denied. On March 5, 2013, Appellant pled guilty to burglary graded as a second-degree felony, and sentencing was scheduled for April 18, 2013. On April 1, 2013, counsel filed a motion asking that Appellant be permitted to withdraw his guilty plea. Counsel averred that Appellant contacted him and told him that he wanted to withdraw the guilty plea. In the motion, counsel asserted that Appellant was innocent of the crimes in question.

Despite the pending motion to withdraw, on April 10, 2013, Appellant filed a *pro se* motion seeking to suppress a pre-trial identification procedure, which was referred to his appointed counsel. On April 18, 2013, Appellant's counseled motion to withdraw his guilty plea was granted, and his trial was scheduled for June 2013. In its motion to schedule trial, the Commonwealth indicated that it had secured the services of a DNA expert.

On May 17, 2013, Appellant filed three *pro se* motions. The first one was a *pro se* motion for new appointed counsel, and in it, Appellant averred that Mr. Cutaio had represented him ineffectively in various ways. In his second motion, Appellant sought a hearing pursuant to **Franks v. Delaware**, 438 U.S. 154 (U.S. 1978), which held that if a defendant preliminarily demonstrates that a false statement was intentionally included in a warrant affidavit, the defendant is entitled to a hearing. Finally, he filed a motion to suppress that raised numerous allegations about the improper seizure of evidence and his arrest.

The same day that the three *pro se* motions were filed, Appellant entered a second guilty plea. The trial court immediately proceeded to sentencing in order to avoid another pre-sentence motion to withdraw and further delay of this matter. While Appellant failed to include a transcript of the May 17, 2013 plea colloquy in the certified record, the written sentencing order indicates that Appellant pled guilty to burglary graded as a second-degree felony. Appellant was sentenced to nine to twenty-three months incarceration. The May 17, 2013 sentencing order also states, "It is

further ordered that the Defendant shall pay full restitution to the victims in this matter." In its Pa.R.A.P. 1925(a) opinion, the court explained that the amount of restitution was not set forth on May 17, 2013 because it "was unknown at the time of sentencing." Trial Court Opinion, 3/7/14, at (unnumbered page) 3.

On May 21, 2013, the trial court denied as moot Appellant's three pending *pro se* motions. A hearing to set the amount of restitution occurred on August 29, 2013. Appearing for the Commonwealth was Marge Diamond, who was the supervisor of James Diamond's Jewelry Store and who was married to the owner of that business. She detailed her knowledge of the store inventory and itemized the jewelry taken from the establishment during the burglary. She explained that trays with 164 rings, which contained precious and semi-precious stones, were stolen and that four loose diamonds were also taken. Religious items were taken from the other smashed display case, and those items included a large cross with blue and white diamonds that was worth $6,500. Mrs. Diamond submitted a spreadsheet detailing each item taken and its value. Additionally, the Commonwealth introduced photographs of the interior of the store just prior to Appellant's entry. Finally, Mrs. Diamond outlined the cost of emergency repairs of the store undertaken immediately after the crime as well as lost profits for the time that the store was closed due to the burglary repairs.

On November 27, 2013, the court entered an award of $153,693.49 in restitution in favor of the victim herein. This appeal followed. Appellant was

ordered to file a Pa.R.A.P. 1925(b) statement, and he raised the following issues therein:

1. The Court erred in finding Defendant responsible for restitution in the amount of $153,693.49, where the criminal complaint listed $10,000 as the amount of property missing.

2. The Court erred in finding Defendant responsible for restitution in the amount of $153,693.49, where the victim's cannot show proof that all items listed were in fact taken by Defendant, where photographs do not show Defendant removing all the items claimed, Defendant was never found with any of the items claimed, and none of the items claimed have ever turned up.

1925(b) Concise Statement of Matters Complained Of, 1/27/14, at 1.

We summarize Appellant's two averments. First, he suggested that the estimate of loss outlined in the affidavit of probable cause for the arrest warrant was binding as to the value of the stolen goods. Second, he contested his responsibility for paying for the losses suffered by the victim in the burglary by suggesting that the victim failed to prove that he was guilty of taking the items of jewelry. Appellant's claim in this respect was misguided since he admitted guilt to committing the burglary and the only issue at the restitution hearing was the damages suffered by his commission of the crime. Since Appellant admitted his guilt: 1) the victim did not have to prove Appellant took the items listed and only had to establish that they were missing after the burglary; 2) the Commonwealth did not have to present photographs of him removing all the items taken in the burglary;

and 3) it was irrelevant that none of the items was found on Appellant or was ever recovered.

In his brief on appeal, Appellant outlines two quite different questions for our consideration: "I. Whether the court erred in imposing an illegal sentence for restitution in an amount not supported by the record? II. Whether [the] untimely order of restitution in this matter constituted an illegal sentence and an illegal sentence can never be waived." Appellant's brief at 4. Although these contentions were omitted from the Pa.R.A.P. 1925(b) statement and were not raised before the trial court at the restitution hearing or in a motion, since they relate to the legality of the sentence imposed, these issues are not waived. ***Commonwealth v. Boyd***, 73 A.3d 1269 (Pa.Super. 2013).

We have indicated that, "An appeal from an order of restitution based upon a claim that a restitution order is unsupported by the record challenges the legality, rather than the discretionary aspects, of sentencing. The determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary." ***Commonwealth v. Stradley***, 50 A.3d 769, 771-72 (Pa.Super. 2012). While Appellant's first issue purports to raise the specter of an unsupported restitution award, his argument in this respect is specious. He submits, without citation to legal authority, that the court could not "rely on the word of the store manager." Appellant's brief at 8. We reject this contention because Mrs. Diamond established the basis for

her knowledge of the cost of repairs, the lost profits, the store contents, the items taken, and their values. Appellant also complains about the type of documentary proof submitted, suggesting that the Commonwealth could only establish the loss through a computerized inventory of the store before and after the burglary. Again, Appellant presents no legal authority for the proposition that this type of evidence is required to support an award of restitution. It would be extremely unlikely that a store would conduct a computerized inventory just before an event that the owners did not know in advance would occur.

We observe that § 1106 of the Crimes Code, which pertains to restitution, states

> (a) **General rule**.-Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.
>
> *. . . .*
>
> (c) **Mandatory restitution**.-
>
> > (1) The court shall order full restitution:
> >
> > > (i) Regardless of the current financial resources of the defendant, so as to provide the victim with **the fullest compensation for the loss**.

18 Pa.C.S. § 1106 (emphasis added). Herein, we conclude that the amount of restitution was supported by the record, as outlined by the trial court at pages three through five of its March 7, 2014 opinion.

Appellant also complains that the award was excessive. This position relates to the discretionary aspects of the restitution award. In *In re M.W.*, 725 A.2d 729 (Pa. 1999), the juvenile defendant in a delinquency proceeding challenged the amount of restitution ordered by a juvenile court. Therein, the court ruled that if an issue pertains to a court's statutory authority to order restitution, it is a legality-of-sentence claim. Our Supreme Court continued that if a defendant challenges the trial court's "exercise of discretion in fashioning" the award, the contention is subject to normal waiver rules. It elaborated as follows:

> We recognize that there has been some confusion as to whether an appeal of an order of restitution implicates the legality or the discretionary aspects of a particular sentence in a criminal proceeding. Where such a challenge is directed to the trial court's authority to impose restitution, it concerns the legality of the sentence; however, where the challenge is premised upon a claim that the restitution order is excessive, it involves a discretionary aspect of sentencing.

*Id*. at 731 n.4 (citations omitted). Thus, Appellant's position that the award was excessive is a challenge to the discretionary aspects of his sentence and is waived due to his failure to include it in his Pa.R.A.P. 1925(b) statement and to present it to the trial court during the restitution proceedings. *Commonwealth v. Griffin*, 65 A.3d 932 (Pa.Super. 2013).

Appellant's second contention has two aspects.  Appellant's position is that the order from which he appealed, the November 27, 2013 order specifically setting the monetary restitution, was an untimely order.  This question raises a legality of sentence issue.  ***Commonwealth v. Borrin***, 80 A.3d 1219, 1225 (Pa. 2013).  The decision in ***Commonwealth v. Dietrich***, 970 A.2d 1131 (Pa. 2009), is pertinent to this position, which involved an interplay between two statutory provisions.  The first statute is 42 Pa.C.S. § 5505, which states in relevant part, "Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, . . . if no appeal from such order has been taken or allowed."  Pursuant to this statute, a court cannot alter judgment of sentence more than thirty days after its entry absent a patent defect.  ***Borrin***, ***supra***; ***Commonwealth v. Holmes***, 933 A.2d 57 (Pa. 2007).

The other pertinent statutory enactment is 18 Pa.C.S. § 1106, which governs restitution and has a specific provision that applies in the present setting: "The court may, **at any time** . . . alter or amend any order of restitution made pursuant to paragraph (2), provided, however, that the court states its reasons and conclusions as a matter of record for any change or amendment to any previous order."  18 Pa.C.S. § 1106(c)(3) (emphasis added).

In ***Dietrich***, our Supreme Court ruled that § 1106(c)(3) trumps § 5505 in the restitution setting and that "a sentencing court may modify

restitution orders at any time if the court states its reasons as a matter of record." ***Dietrich***, 970 A.2d at 1135. While in ***Dietrich***, the altered restitution award was stricken because the trial court gave no reason for changing the previous restitution award entered, in this case, the trial court explained why the original restitution award had to be altered.

Herein, the trial court filed an opinion that is a matter of record. In that opinion, it stated that the amount of restitution was not calculated at sentencing because the information was not available at that time. It also observed that Appellant's restitution award was part of the guilty plea arrangement and that Appellant was fully aware when he entered his guilty plea that he would be subject to a specified restitution award after sentence was imposed. The court articulated:

> [A]t the time Defendant accepted a plea agreement he was aware that he would be required to make full restitution. At the time of the guilty plea, Defendant was immediately sentenced and ordered to pay full restitution to the victim in this matter. By accepting the plea agreement, Defendant accepted the responsibility for the items missing or stolen. The amount of restitution was unknown at the time of sentencing, therefore, a restitution hearing was held on August 29, 2013.

Trial Court Opinion, 3/7/14, at (unnumbered page 3).

We also observe that, as indicated *infra*, Appellant did not obtain transcription of his notes of testimony of his guilty plea. The court also may have stated its reasons for deferring calculation of the restitution at that proceeding since sentencing followed immediately upon the heels of the guilty plea.

We conclude that the court proffered a sufficient reason for altering the amount of restitution awarded, even though the Commonwealth could have submitted evidence regarding the amount of restitution at the first sentencing hearing.  As noted by the court in **Dietrich**:

> The plain language of § 1106(c)(3) provides courts with broad authority to modify restitution amounts **at any time** if the court states reasons for doing so as a matter of record.  18 Pa.C.S. § 1106(c)(3) (emphasis added).  There is no statutory requirement that the reasons for modification be undiscoverable at the time of sentencing.  Section 1106(c)(3)'s broad language indicates a legislative intent that courts have jurisdiction to modify restitution orders at any time without regard to when information should have been present for consideration.

**Id**. at 1135.

Appellant also complains that the May 17, 2013 judgment of sentence was illegal because it failed to specify the exact amount of restitution imposed.  The Commonwealth concurs with this assertion and suggests that we vacate the judgment of sentence and remand for imposition of the restitution award concurrently with the jail term.

The convergence of opinion as to the legality of the May 17, 2013 sentence derives from **Commonwealth v. Mariani**, 869 A.2d 484 (Pa.Super. 2005), and from **Commonwealth v. Deshong**, 850 A.2d 712 (Pa.Super. 2004), as well as 18 Pa.C.S. § 1106(c)(2), which states that the trial court "shall specify the amount and method of restitution" at the time that it sentences a defendant.  In **Mariani**, the defendant pled guilty and was sentenced to incarceration.  Five months later, restitution was imposed.

- 11 -

On appeal, we concluded that restitution had to be set at sentencing, vacated the judgment of sentence, and remanded for resentencing.

In **Deshong**, the defendant pled guilty to insurance fraud and agreed to make restitution. He was sentenced and that sentence included an award of restitution to be determined by the county probation department, subject to a hearing, if one was requested. Nearly two years later, the Commonwealth subsequently asked that a hearing be held, but the trial court refused to set restitution. The Commonwealth appealed. We held that the order refusing to set the amount of restitution acted to finalize the judgment of sentence and we considered the merits of the appeal. **Deshong**, **supra** at 714 n. 1. We concluded that the original sentence was illegal since the amount of restitution was not set at the time of sentencing. We vacated the entire judgment of sentence and remanded for imposition of a new sentence, which was to include the restitution that the defendant agreed to satisfy as part of his plea bargain.

In light of this precedent, it appears that the May 17, 2013 sentence must be vacated and that the matter must be remanded so that the sentence can be amended to include the amount of restitution awarded on November 27, 2103.

Order vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/25/2014

COURT OF COMMON PLEAS OF MONROE COUNTY
FORTY-THIRD JUDICIAL DISTRICT
COMMONWEALTH OF PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA     : NO. 687 CRIM 2012

       :
       :
    vs.       :
       :
ROBERT M. MILAZZO,       :
       :
      Defendant     : APPEAL

## STATEMENT PURSUANT TO PA R. A.P.1925(a)

This statement is being provided pursuant to Pa. R.A.P 1925(a) in response the 1925(b) statement filed by Defendant Robert M. Milazzo ("Defendant").

On May 15, 2013, Defendant pled guilty to Count I of the criminal information, Burglary, graded as a felony of the second degree. The offense involved the large scale theft from a jewelry store. On May 15, 2013, this Court sentenced Defendant to a term of incarceration for a period of not less than 9 months with a maximum not to exceed 23 months. A restitution hearing was held on August 29, 2013. After hearing, on November 27, 2013, this Court ordered Defendant to pay restitution to the victim in the amount of $153,693.49. On December 27, 2013, Defendant filed his Notice of Appeal.

In his 1925(b) statement, Defendant contends that this Court erred in finding Defendant responsible for restitution in the amount of $153,693.49, where the criminal complaint lists $10,000.00 as the amount of property missing. Initially, we note



that the criminal complaint filed on June 11, 2012 lists the value of the property missing at a value of more than $2,000.00[1]. While criminal complaint does not list the value of the missing property at $10,000.00, the Affidavit of Probable Cause lists a value of $10,000.00 with additional damages in excess of $1,000.00. Defendant claims that we ordered Defendant to pay restitution in an amount in excess of the amount listed in the criminal complaint; we do not agree. The docket entries demonstrate that the criminal complaint listed the value of the property in excess of $2,000.00. We do not agree that the amount listed in the Affidavit of Probable Cause limits the amount of restitution. Since the Criminal Information lists the value in excess of $2,000.00, we believe that the amount of restitution we ordered Defendant to pay was proper. There is no merit to this argument.

In his final matter complained of on appeal, Defendant contends that the Court erred in ordering "restitution in the amount of $153,693.49, where the victim's (sic) cannot show proof that all items listed were in fact taken by Defendant, where photographs do not show Defendant removing all the items claims, Defendant was never found with any of the items claimed, and none of the items claimed have ever turned up." Defendant's 1925 (b) Statement of Matters Complained Of (sic).

Restitution may be ordered upon conviction of a crime wherein property has been stolen, converted or otherwise unlawfully obtained. 18 Pa. C.S.A. § 1106 (a). Restitution is proper to fully compensate victims and the Court must determine what constitutes full restitution. *Com. v. Ortiz*, 854 A.2d 1280, 1282 (Pa. Super. 2004) (citation omitted). Further, the determination of restitution lies within

---

[1] 8 Pa. C.S.A.§ 3903(a.1) provides in relevant part, . . . theft constitutes a felony of the third degree if the amount involved exceeds $2,000.00 ... .

the Court's sound discretion and an award of restitution cannot be speculative or excessive. *Com. v. Grulis*, 616 A.2d 686, 697 (Pa. Super. 1992) (citation omitted).

First, we note that at the time Defendant accepted a plea agreement he was aware that he would be required to make full restitution. At the time of the guilty plea, Defendant was immediately sentenced and ordered to pay full restitution to the victim in this matter. By accepting the plea agreement, Defendant accepted the responsibility for the items missing or stolen. The amount of restitution was unknown at the time of sentencing, therefore, a restitution hearing was held on August 29, 2013. During that hearing, Marge Diamond and Pocono Mountain Regional Police Officer Erica Burk testified. Officer Burk testified that when she and Pocono Mountain Regional Corporal Mecca apprehended Defendant she noticed a woman's diamond ring on Defendant's pinky finger. She described the ring as new and shiny.

Ms. Diamond also testified at the restitution hearing. She stated that she had knowledge about the damages to and items missing from the James Diamond Jewelry Store ("Store"). Ms. Diamond was a supervisor in the store at the time. She was familiar with the items held for sale at the Store. Ms. Diamond discussed the damage to the display cases, door and glass which occurred within the Store. She verified several invoices for the repairs. These repairs included the following:

| | | |
|---|---|---|
| Emergency repair services | John Moore Homes, LLC | $2,175.00 |
| Panic bar repair | Standard Wholesale | $91.28 |
| Glass repair | Clear Choice | $905.00 |
| Display replacement | National Jewelry | $528.18 |
| Total Repair damages | | $3,699.46 |

In addition, Ms. Diamond consulted with the Store bookkeeper and prepared a calculation of the loss of income. Ms. Diamond reviewed the inventory missing from the Store, including loose diamonds. We found Ms. Diamond to be credible and, in conjunction with the documentation received into evidence at hearing, we determined that restitution was proper to fully compensate the victim. The restitution amount included the following:

| | | |
|---|---|---|
| Diamonds | Diamonds are Forever | $4,800.00 |
| Diamonds | Diamonds are Forever | $13,000.00 |
| Jewelry | Stuller | $4,610.52 |
| Jewelry parts | Stuller | $3,141.96 |
| Insurance forms | | $87,316.55 |
| Cross | diamond encrusted | $6,500.00 |
| Loose diamonds | | $29,775.00 |
| Loss of income | | $850.00 |
| | | |
| Total Inventory/Income loss | | $149,994.03 |

In his 1925(b) statement, Defendant argues that the items never turned up nor were they found. Defendant fails to explain how this impacts on the restitution ordered by the Court. Although it would be more desirable for the actual items to have been recovered, nevertheless, we found Ms. Diamond to be credible and knowledgeable about the items listed for sale in the Store. Further, we did not order restitution for items based upon speculation. During cross-examination, Ms. Diamond stated that the break-in was almost two years prior and she did not remember certain items missing. Ms. Diamond testified that she was not sure of the inventory in December 2011, but that the inventory at the time of the restitution hearing was between $395,000.00 and $400,000.00.

Additionally, the Store's inventory and sales methods are not recorded in a computer or on a computer program. Ms. Diamond described the method as a tag jewelry system by which there are tags attached to the jewelry and upon sale of the specific item the tag is placed within an envelope. The Store also purchases gold and precious stones from the public. The purchases from the public are maintained with the same tag system. This method seems to be archaic in today's environment of high technology. When we considered the restitution amount we considered whether the victim proved its losses, including loss of income.

We listened to all of the testimony and considered the evidence of record. We determined that there were many items which the victim could not prove to be a loss as the direct result of the Defendant's conduct. For instance, we questioned the unclaimed loss set forth by the victim in the amount of $98,380.00 which included 164 rings, 19 crosses and 15 religious pieces. The total amount of damages sought by the Store totaled $284,873.23, of which we ordered restitution in the amount of $153,693.49. After careful consideration of all of the evidence, we are satisfied that the restitution was awarded in the correct amount. We find no error or abuse of discretion in ordering Defendant to pay full restitution in the amount of $153,693.49 in this matter and therefore, pursuant to Pa. R.C.P. 1925(a) we file this statement in support thereof.

BY THE COURT:

_____
STEPHEN M. HIGGINS, Judge

cc:     PD
        DA