J-S26022-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MONROE YOUNG, | : | |
| | : | |
| Appellant | : | No. 1663 EDA 2013 |

Appeal from the Judgment of Sentence Entered January 3, 2013,
In the Court of Common Pleas of Philadelphia County,
Criminal Division, at No. CP-51-CR-0009297-2010.

BEFORE:  BENDER, P.J.E., SHOGAN and FITZGERALD[*], JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED JANUARY 25, 2017**

Appellant, Monroe Young, appeals from the judgment of sentence entered following his convictions of one count each of possession with intent to deliver a controlled substance ("PWID"), possession of a firearm by a prohibited person ("VUFA"), criminal use of communication facility, possession of a controlled substance, possessing an instrument of crime ("PIC"), and possession of a firearm with altered manufacturer's number. This case returns to us on remand from our Supreme Court for further consideration in light of its opinion in **Commonwealth v. Wolfe**, 140 A.3d

---

[*]  Former Justice specially assigned to the Superior Court.

651 (Pa. 2016).[1]  Upon review, we vacate the judgment of sentence and remand to the trial court for resentencing.

The trial court summarized the history of this case as follows:

> On June 2, 2010, Police Officer Cruz, Police Officer Turner, and Police Officer Kelly received information from another investigation which led them to the area of 3300 North 22nd Street, in the city and county of Philadelphia.  N.T., 9/11/12 p. 11.  They met with a Confidential Informant ("CI") 01195, who had been used in over 50 investigations involving narcotics, which had produced over 50 arrests.  N.T., 9/11/12 pp. 8-10. The CI was searched for contraband and currency.  N.T., 9/11/12 p. 11.  Once cleared, the CI was supplied $40.00 in pre-recorded buy money and the CI placed a call to 267-595-XXXX, which the CI knew to be [Appellant's] cell phone number.  N.T., 9/11/12 p. 11.  [Appellant] answered the call and instructed the CI to proceed to a property located on [the] 3300 block of North 22nd Street.  N.T., 9/11/12 p. 12.
>
> The police and the CI arrived at the location sometime between 3:15 p.m. and 6:15 p.m.  N.T., 9/11/12 p. 13.  The CI was released in the area and met up with [Appellant], engaging in a brief conversation lasting approximately one minute, and then handing [Appellant] the prerecorded buy money.  N.T., 9/11/12 pp. 13-14.  Officer Cruz observed the entire transaction from approximately 35-40 feet away in his vehicle.  N.T., 9/11/12 pp. 13, 27 and N.T, 9/12/12 p. 22.  As Officer Cruz continued to watch, the CI followed [Appellant] to 3325 North 22nd Street where they both entered the property.  N.T., 9/11/12 pp. 13-14.  They remained inside the property for approximately two minutes and then exited the property together.  N.T., 9/11/12 pp. 14-15.  [Appellant] was wearing a white t-shirt, blue jean shorts that came to the knee, and orange and white shell top sneakers.  N.T., 9/11/12 p. 40.  The CI left the area and met with police at a predetermined location.  The CI gave police five

---

[1]  In **Commonwealth v. Wolfe**, 140 A.3d 651 (Pa. 2016), our Supreme Court held "that [the mandatory minimum sentencing prescription under 42 Pa.C.S. §] 9718 is irremediably unconstitutional on its face, non-severable, and void[,]" in light of **Alleyne v. United States**, 133 S.Ct. 2151 (2013). **Wolfe**, 140 A.3d at 663.

black packets containing crack cocaine that [Appellant] had sold him in exchange for the pre-recorded buy money. N.T., 9/11/12 p. 13, 30.

On June 3, 2010, the police returned to 3325 North 22nd Street with CI 01195 sometime between 2:15 p.m. and 5:45 p.m. N.T., p. 15, 27. [Appellant] was sitting on the porch. N.T., 9/11/12 p. 16. [Appellant] was wearing a white t-shirt, blue jean shorts that came to the knee, and orange and white shell top sneakers. N.T., 9/11/12 p. 40. This was the identical clothing and shoes [Appellant] wore the previous day. N.T., 9/11/12 p. 40. The CI was searched for currency and contraband and given $20.00 pre-recorded buy money. N.T., 9/11/12 p. 15. The CI went to 3325 North 22nd Street, engaged in a brief conversation with [Appellant] sitting on the porch, and handed [Appellant] the pre-recorded buy money. N.T., 9/11/12 p. 16. [Appellant] entered the property and remained inside for a few minutes. N.T., 9/11/12 p. 16. [Appellant] exited the property and handed the CI unidentified small objects. N.T., 9/11/12 p. 16. The CI left the area and met with police. N.T., 9/11/12 p. 16. The CI was searched and possessed four clear plastic packets containing crack cocaine. N.T., 9/11/12 p. 17. Officer Cruz observed this transaction. N.T., 9/11/12 pp. 34-36. Based on these observations, the police applied and obtained a search warrant for 3325 North 22nd Street. N.T., 9/11/12, pp. 17, 18.

On June 4, 2010, the police set up surveillance at 3325 North 22nd Street. N.T., 9/11/12 p. 18. At approximately 3:55 p.m., [Appellant] arrived in a burgundy Mercury Sable with a Pennsylvania license plate. N.T., 9/11/12 p. 18. [Appellant] wore the same clothing from June 2nd and June 3rd. N.T., 9/11/12 p. 43. [Appellant] and an unidentified black female exited the vehicle. N.T., 9/11/12 p. 18 and N.T., 9/12/12 p. 65. [Appellant] used a key to enter the property. N.T., 9/11/12 p. 18. The police arrived soon after to execute the search warrant and knocked on the door. N.T., 9/11/12 p. 19. An unknown female began yelling "Country, Country" from the front window of the property. N.T., 9/11/12 p. 19 and N.T., 9/12/12 pp. 24-25. The police entered the property and observed [Appellant] exiting Apartment B located on the first floor towards the rear of the row home. N.T., 9/11/12., pp. 19, 20, 38. [Appellant] was stopped midexit. N.T., 9/11/12 pp. 20, 21, 38 and N.T.,

9/12/12 p. 43. Recovered from his person were: two keys, one that opened the front door of the house and the other that opened [A]partment B, and a cell phone.[1] N.T., 9/11/12 pp. 20, 21, 38 and N.T., 9/12/12 p. 43. The police called the same telephone number used by the CI on June 2, 2010, 267-595-XXXX, and [Appellant's] phone rang and the word "Country" appeared on the screen. N.T., 9/11/12 p. 21.

> [1] [Appellant's] mother testified that she gave him the color-coded keys that unlocked the front door of 3325 North 22nd Street and Apartment B. N.T., 9/12/12 pp. 101-103.

The police entered Apartment B and saw an open can on the kitchen table. N.T., 9/11/12 p. 22. The can contained one clear Ziploc packet with red markings on it that contained three black packets and forty clear packets (identical to the packets from the purchases of June 2nd and June 3rd 2010), all containing crack cocaine. N.T., 9/11/12 p. 22 and 9/12/12 pp. 28-29. The can also contained one clear Ziploc packet with spades on it containing bulk crack cocaine. N.T., 9/11/12 p. 22. [Appellant] moved a bed into the bedroom and also had "some of his stuff" in the apartment. N.T., 9/12/12 pp. 104, 106. On the bed was one clear Ziploc packet with purple markings with the words "purple ladies," containing marijuana. N.T., 9/11/12 p. 22 and N.T., 9/12/12 p. 29. The police recovered various items in and on the dresser in the apartment, including a letter with the name of Country Black, a letter in the name of Monroe Young, a Pennsylvania identification card with the name Monroe Young Junior, a semi-automatic handgun with an obliterated serial number, bullets, and $303.00 in United States currency. N.T., 9/11/12 p. 22, 24 and N.T., 9/12/12 pp. 30-31, 41-42. The correspondence was addressed to 3419 North 22nd Street. N.T., 9/12/12 pp. 41-42.[2] The handgun and the bullets were recovered from the same drawer of the dresser. N.T., 9/12/12 p. 35. A deed with the address of 3325 North 22nd Street listing the names of Anthony Floyd and Monroe Young was found on the dresser.[3] N.T., 9/12/12 pp. 37-41. There was male clothing observed inside the drawers of the dresser. N.T., 9/11/12 p. 24. No other person stayed with [Appellant] in the apartment. N.T., 9/12/12 pp. 106-107.

<sup></sup>² [Appellant's] mother testified that he was residing at both 3419 North 22nd Street with his mother and at 3325 North 22nd Street Apartment B. N.T., 9/12/12 pp. 92-107.

³ The deed was identified as a lease during the motions hearing on September 11, 2012. This misidentification was clarified at trial. N.T., 9/12/12 pp. 36-41, 50.

Trial Court Opinion, 12/10/13, at 3-6 (footnotes in original).

On September 12, 2012, at the conclusion of a nonjury trial, Appellant was convicted of the crimes stated above. On January 3, 2013, the trial court sentenced Appellant to serve concurrent terms of incarceration of five to ten years for the conviction of PWID,[2] two to five years for the conviction of VUFA, and one and one-half to three years for the conviction of criminal use of a communication facility. No further penalty was imposed on the convictions of possession of controlled substance, PIC, and possession of a firearm with altered manufacturer's number.[3] Appellant's post-sentence motion, which included a challenge to the weight of the evidence, was denied by operation of law. Appellant then brought a timely appeal.

On September 29, 2014, this Court affirmed the judgment of sentence in an unpublished memorandum decision. *Commonwealth v. Young*, 107

---

[2] The trial court sentenced Appellant to a mandatory minimum of five years of incarceration on his conviction of PWID pursuant to 42 Pa.C.S. § 9712.1.

[3] We observe that the United State Supreme Court's decision in *Alleyne* was filed on June 17, 2013, approximately six months after Appellant was sentenced in this matter.

J-S26022-14

A.3d 239, 1663 EDA 2013 (Pa. Super. filed September 29, 2014) (unpublished memorandum). Specifically, this Court found no merit to Appellant's issues challenging (1) whether there was sufficient evidence to support the verdicts for the gun offense, (2) whether the verdict was against the weight of the evidence, and (3) whether the trial court erred in imposing a mandatory minimum sentence pursuant to 42 Pa.C.S. § 9712.1 for Appellant's conviction of PWID because he was allegedly not in possession of the firearm. With regard to the imposition of the mandatory minimum sentence, this panel relied upon subsection (a) of section 9712.1[4] and stated:

> Appellant proceeded in a nonjury trial and evidence of the constructive possession of the firearm was introduced at trial. In this respect, the trial court, sitting as the finder of fact, found that Appellant constructively possessed the gun in the dresser. Trial Court Opinion, 12/10/13, at 7-9. Thus, the trial court, in

---

[4] The relevant portion of the statute provided as follows:

**§ 9712.1. Sentences for certain drug offenses committed with firearms.**

**(a) Mandatory sentence.--**Any person who is convicted of a violation of section 13(a)(30) of the . . . Controlled Substance, Drug, Device and Cosmetic Act, when at the time of the offense the person or the person's accomplice is in physical possession or control of a firearm, whether visible, concealed about the person or the person's accomplice or within the actor's or accomplice's reach or in close proximity to the controlled substance, shall likewise be sentenced to a minimum sentence of at least five years of total confinement.

42 Pa.C.S. § 9712.1(a).

-6-

finding Appellant guilty of the firearm charges, found beyond a reasonable doubt that Appellant constructively possessed the firearm, which is an analogue to constructive control, thereby triggering the mandatory minimum. Accordingly, Appellant's contrary argument lacks merit.

*Young*, 1663 EDA 2013, at 14 (unpublished memorandum).[5]

Thereafter, on October 29, 2014, Appellant filed with our Supreme Court a petition for allowance of appeal. In an order filed September 6, 2016, our Supreme Court granted the petition for allowance of appeal limited to Appellant's issue pertaining to whether the mandatory sentence imposed by the trial court was illegal, vacated this Court's previous decision in this matter, and remanded to this Court for reconsideration in light of *Wolfe*. *Commonwealth v. Young*, 145 A.3d 1155, 551 EAL 2014 (Pa. filed September 6, 2016).[6] The Supreme Court denied *allocatur* as to

---

[5] We note that while this matter was initially pending before this panel, our Court issued its decision in *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014) (*en banc*), which found that *Alleyne* rendered the mandatory minimum sentencing provision at 42 Pa.C.S. § 9712.1 unconstitutional because subsection (c) of that statute permitted the trial court to determine at sentencing whether the elements necessary to increase the mandatory minimum sentence, *i.e.*, the defendant possessed or was in close proximity to a firearm while selling drugs, were proven by a preponderance of the evidence. However, we observe that the defendant in *Newman* was convicted by a jury, whereas the Appellant in the instant matter was convicted by the trial judge serving as the finder of fact.

[6] Our Supreme Court's order provides as follows:

**AND NOW**, this 6th day of September, 2016, the Petition for Allowance of Appeal is **GRANTED**, **LIMITED TO** the issue set forth below. Allocatur is **DENIED** as to all remaining issues. The issue, rephrased for clarity, is:

Appellant's other issues. Because our Supreme Court's order granted allowance of appeal only for reconsideration of our decision on the sentencing issue in light of the Supreme Court's decision in **Wolfe**, we confine our review to that issue.

Appellant's issue challenges the legality of his sentence, therefore, we begin by setting forth our standard of review. "Issues relating to the legality of a sentence are questions of law[; as a result, o]ur standard of review over such questions is *de novo*, and our scope of review is plenary." **Commonwealth v. Delvalle**, 74 A.3d 1081, 1087 (Pa. Super. 2013) (citations omitted). If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. **Commonwealth v. Leverette**, 911 A.2d 998, 1001 (Pa. Super. 2006) (citing **Commonwealth v. Johnson**, 910 A.2d 60 (Pa. Super. 2006)). An illegal sentence must be vacated. **Id**.

We begin by observing that, in **Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. 2015), our Supreme Court held the mandatory minimum sentencing provision under 18 Pa.C.S. § 6317 (requiring a mandatory

---

Whether the mandatory sentence imposed by the trial court was illegal pursuant to *Alleyne*?

The judgment of sentence is **VACATED**, and the matter is **REMANDED** to the Superior Court for reconsideration in light of *Commonwealth v. Wolfe*, 140 A.3d 651 (Pa. 2016).

Supreme Court Order, 551 EAL 2014, 9/6/16, at 1.

minimum sentence if certain controlled substances crimes that occurred within 1,000 feet of a school) to be unconstitutional pursuant to **Alleyne**, because the statute required that operative facts be determined by a judge at sentencing by a preponderance of the evidence. The Court concluded that the statute could not be made constitutional through severance by the judiciary. **Hopkins**, 117 A.3d at 262. In so doing, the Court found the defective provisions of the statute to be too fundamental to the sentencing statute to permit severance. **See id**. at 259-260 ("[I]t cannot be stressed enough that the legislature intended that Section 6317 be a sentencing provision and not a substantive offense") and 262 ("[T]he General Assembly has made clear that the provisions of Section 6317 are not to be elements of the crime and no substitute process can fix that.").

Subsequently, our Supreme Court issued its decision in **Wolfe**, which concerned the mandatory minimum sentencing provision under 42 Pa.C.S. § 9718 (requiring a mandatory minimum sentence for certain convictions including involuntary deviate sexual intercourse). In **Wolfe**, the Court stated, "[W]e reaffirm our decision in **Hopkins** in all material respects and conclude that it applies here." **Wolfe**, 140 A.3d at 660. The Court specifically disavowed the Commonwealth's argument that Section 9718

does not require judicial fact-finding and that Section 9718(a),[7] standing alone, is all that is required to impose the mandatory minimum sentence. *Id*. Rather, the Court in *Wolfe* stated:

> To the contrary, Section 9718 does plainly and explicitly require judicial fact-finding in its subsection (c). *See* 42 Pa.C.S. §9718(c) ("The applicability of this section shall be determined at sentencing . . . by a preponderance of the evidence."). Moreover, since subsection (c) is integral to the statute, Section 9718(a) does not stand alone.

*Id*. at 660-661.[8] The *Wolfe* Court ultimately held, "[W]e reaffirm *Hopkins* and find that Section 9718 is irremediably unconstitutional on its face, non-severable, and void." *Id*. at 663.

---

[7] 42 Pa.C.S. § 9718(a) provided, in relevant part, as follows:

> **(a) Mandatory sentence.**
>
> (1) A person convicted of the following offenses when the victim is less than 16 years of age shall be sentenced to a mandatory term of imprisonment as follows:
>
> * * *
>
> 18 Pa.C.S. § 3123 (relating to involuntary deviate sexual intercourse)-not less than ten years.

42 Pa.C.S. § 9718(a).

[8] 42 Pa.C.S. § 9718(c) provides as follows:

> **(c) Proof at sentencing. —** The provisions of this section shall not be an element of the crime, and notice of the provisions of this section to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after

During the pendency of our review of this matter *via* remand, on December 28, 2016, our Supreme Court filed its decision in *Commonwealth v. Barnes*, ___ A.3d ___, 36 EAP 2015, 2016 WL 7449232 (Pa. 2016), which addressed the constitutionality of the exact statute presently before this panel, *i.e.*, 42 Pa.C.S. 9712.1. In *Barnes*, the appellant was charged with PWID, possession of a firearm prohibited, and other related charges. *Barnes*, at *1. The appellant waived his right to a jury trial and proceeded to a bench trial. *Id*. The trial court found him guilty of the crimes charged. *Id*. The trial court sentenced the appellant to a term of incarceration of five to ten years on the PWID conviction, which

---

conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

42 Pa.C.S. § 9718(c). The unconstitutional language set forth above is almost identical to the following language utilized in 42 Pa.C.S. § 9712.1(c):

**(c) Proof at sentencing. —** Provisions of this section shall not be an element of the crime, and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

42 Pa.C.S. § 9712.1(c).

included a five-year mandatory minimum sentence pursuant to 42 Pa.C.S. § 9712.1, based on the trial court's finding that he was in constructive possession of drugs "in close proximity to" a firearm. *Id*. No further penalty was imposed for the other convictions. *Id*.

The pertinent issue before our Supreme Court in *Barnes* was whether the appellant was entitled to resentencing in light of the fact that he failed to preserve his *Alleyne* sentencing issue for appeal. *Barnes*, at *2. Before embarking on its analysis, the Court in *Barnes* stated the following:

> If we determine that an *Alleyne* challenge is not waivable on direct appeal, then [the a]ppellant is entitled to resentencing, as the Commonwealth concedes that our prior decisions interpreting *Alleyne* render Section 9712.1 unconstitutional on its face. Specifically, in *Commonwealth v. Wolfe*, we stated that "[t]he effect of *Alleyne*'s new rule was to invalidate a range of Pennsylvania sentencing statutes predicating mandatory minimum penalties upon non-elemental facts and requiring such facts to be determined by a preponderance of the evidence at sentencing." 140 A.3d 651, 653 (Pa. 2016) (holding 42 Pa.C.S. § 9718 violated *Alleyne* because it required imposition of a ten-year mandatory minimum sentence for an involuntary deviant sexual assault conviction based on an additional fact (that the victim was less than sixteen years of age) found at sentencing and proven only by a preponderance of the evidence); *see also Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015) (finding 18 Pa.C.S. § 6317 constitutionally infirm for similar reasons). Section 9712.1, under which [the a]ppellant was sentenced, contains the identical constitutional infirmities as the now void provisions at issue in *Wolfe* and *Hopkins*. Accordingly, [the a]ppellant's sentence violated *Alleyne*, and our ability to afford relief rises or falls on issue preservation.

*Barnes*, at *3.

After reviewing the pertinent authority related to issue preservation for challenges to the legality of a sentence, the **Barnes** Court held that **Alleyne** should be applied to cases pending on appeal when **Alleyne** was decided. Specifically, the Court stated, "**Alleyne** declared a new rule of law that was announced while [the a]ppellant's direct appeal was pending and which rendered [the a]ppellant's mandatory minimum sentence unconstitutional. Based on this Court's precedent, [the a]ppellant is entitled to relief." **Barnes**, at *5.

The Court then explained as follows:

Based on the mandatory nature of Section 9712.1, at the time of sentencing, the sentencing court was without authority to enter any other sentence. As that sentencing provision has now been rendered unconstitutional on its face by **Hopkins** and **Wolfe**, it is as if that statutory authority never existed. **See Wolfe**, 140 A.3d at 661 (quoting 16 C.J.S. CONSTITUTIONAL LAW § 265 (2016)) ("[A]n unconstitutional, non-severable statute is 'not a law, has no existence, is a nullity, or has no force or effect or is inoperative.'"). Accordingly, we hereby adopt the lead opinion in [**Commonwealth v. Foster**, 17 A.3d 332 (Pa. 2011) (plurality)] and definitively hold that where the mandatory minimum sentencing authority on which the sentencing court relied is rendered void on its face, and no separate mandatory authority supported the sentence, any sentence entered under such purported authority is an illegal sentence for issue preservation purposes on direct appeal. Thus, [the a]ppellant is entitled to resentencing notwithstanding his failure to preserve his issue prior to seeking our review.

As we find that [the a]ppellant's challenge to his sentence is not waived, and because the Commonwealth concedes that [the a]ppellant's sentence is unconstitutional under **Alleyne**, we vacate [the a]ppellant's judgment of sentence and remand to

the trial court for resentencing without application of 42 Pa.C.S. § 9712.1.

***Barnes***, at *5. In light of the foregoing precedent by our Supreme Court, we are constrained to vacate Appellant's PWID sentence issued by the sentencing court as it included a mandatory minimum sentence pursuant to 42 Pa.C.S. § 9712.1.

On remand, the trial court is instructed to resentence Appellant on the PWID conviction without reference to the mandatory minimum sentencing statute. However, because we are vacating a sentence in a multiple-conviction case, which may upset the overall sentencing scheme, we vacate the entire judgment of sentence. ***See Commonwealth v. Thur***, 906 A.2d 552, 569 (Pa. Super. 2006) (explaining that "[i]f our disposition upsets the overall sentencing scheme of the trial court, we must remand so that the court can restructure its sentence plan."); ***Commonwealth v. Deshong***, 850 A.2d 712, 714 (Pa. Super. 2004) (stating that "[w]hen a disposition by an appellate court alters the sentencing scheme [of a lower court], the entire sentence should be vacated and the matter remanded for resentencing."). ***See also Commonwealth v. Goldhammer***, 517 A.2d 1280 (Pa. 1986) (explaining that upon remand, the sentencing court may reconsider the entire sentence where the appellate court's ruling altered the trial court's sentencing scheme.). Hence, we vacate the judgment of sentence and remand for resentencing. Because our Supreme Court denied Appellant's

petition for allowance of appeal regarding Appellant's remaining issues, our previous disposition as to those claims stands.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/25/2017