J-S07013-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| HOWARD CHARLES JOHNSON | : | |
| | : | |
| Appellant | : | No. 1451 MDA 2018 |

Appeal from the PCRA Order Entered August 15, 2018
In the Court of Common Pleas of Bradford County
Criminal Division at No(s):  CP-08-CR-0000633-2015

BEFORE:   OLSON, J., McLAUGHLIN, J., and PELLEGRINI*, J.

MEMORANDUM BY OLSON, J.:                **FILED FEBRUARY 26, 2019**

Appellant, Howard Charles Johnson, appeals *pro se* from the August 15, 2018 order dismissing his first petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We vacate and remand for further proceedings consistent with this memorandum.

As our resolution of this appeal is based on the procedural posture of this case, we decline to set forth the factual background.  On June 27, 2016, Appellant pled guilty to two counts of theft by unlawful taking.[1]  He was immediately sentenced to one to three years' imprisonment and ordered to

---

[1] 18 Pa.C.S.A. § 3921(a).

---

\*   Retired Senior Judge assigned to the Superior Court.

make restitution. On September 20, 2016, the trial court set the amount of restitution.[2] Appellant did not file a direct appeal.

On August 17, 2017, Appellant filed a *pro se* PCRA petition. Thereafter, court-appointed counsel filed a motion to withdraw as counsel and a no-merit letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). After receiving the ***Turner/Finley*** filing, the PCRA court issued notice of intent to dismiss the petition without an evidentiary hearing. ***See*** Pa.R.Crim.P. 907. Appellant filed a response to the ***Turner/Finley*** letter and the Rule 907 notice. He also filed a supplement to his PCRA petition without leave of court. On August 14, 2018, the PCRA court granted counsel's motion to withdraw. The next day, the PCRA court dismissed the petition. This timely appeal followed.

Appellant presents issues for our review:

[Was Appellant's trial counsel ineffective for failing to file a direct appeal?]

Appellant's Brief at 5.

---

[2] This procedure was inconsistent with 18 Pa.C.S.A. § 1106(c)(2) as interpreted by ***Commonwealth v. Deshong***, 850 A.2d 712 (Pa. Super. 2004). In ***Deshong***, this Court held "that restitution must be determined at the time of sentencing if the restitution is imposed as a direct sentence." ***Commonwealth v. Schrader***, 141 A.3d 558, 562 (Pa. Super. 2016). Furthermore, this Court held that when restitution is not imposed at the same time as the judgment of sentence, the restitution order makes the judgment of sentence a final, appealable order. ***Id.*** Hence, Appellant's PCRA petition was timely.

Preliminarily, we must determine whether Appellant preserved this claim for appellate review. As the Commonwealth notes in its brief, Appellant did not raise this issue in his *pro se* PCRA petition. Appellant, however, did raise this issue in his response to PCRA counsel's **Turner/Finley** letter and the Rule 907 notice. In essence, Appellant argued that the PCRA court should not grant counsel's motion to withdraw and dismiss the petition without an evidentiary hearing. Instead, appellant argued that the PCRA court should order counsel to file an amended petition raising a claim that trial counsel was ineffective for failing to file a direct appeal. This was sufficient to preserve the issue for appellate review. **See Commonwealth v. Rykard**, 55 A.3d 1177, 1186–1189 (Pa. Super. 2012), *appeal denied*, 64 A.3d 631 (Pa. 2013).

Having determined that Appellant preserved this issue for our review, we proceed to the merits of the issue presented. "Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." **Commonwealth v. Presley**, 193 A.3d 436, 442 (Pa. Super. 2018) (citation omitted). Appellant argues that his trial counsel rendered ineffective assistance of counsel by failing to file a direct appeal as Appellant instructed.

"[T]he Sixth Amendment to the United States Constitution and Article I, [Section] 9 of the Pennsylvania Constitution, [entitle a defendant] to effective counsel. This right is violated where counsel's performance so undermined

- 3 -

the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." ***Commonwealth v. Simpson***, 112 A.3d 1194, 1197 (Pa. 2015) (cleaned up). To prevail on an ineffective assistance of counsel claim, a "petitioner must plead and prove that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." ***Commonwealth v. Johnson***, 179 A.3d 1153, 1158 (Pa. Super. 2018) (citation omitted). "A petitioner's failure to satisfy any prong of this test is fatal to the claim." ***Commonwealth v. Wholaver***, 177 A.3d 136, 144 (Pa. 2018) (citation omitted).

Notwithstanding these general rules relating to ineffective assistance of counsel, it is axiomatic that trial counsel's "failure to file a requested direct appeal constitutes ineffective assistance *per se*, such that the petitioner is entitled to reinstatement of direct appeal rights *nunc pro tunc* without establishing prejudice." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1244 (Pa. Super. 2011), *appeal denied*, 30 A.3d 487 (Pa. 2011) (citation omitted). Even if the underlying issue on appeal appears to be frivolous, an attorney is always required to file a direct appeal when instructed to do so by his or her client. The attorney, may thereafter seek to withdraw from the representation if he or she concludes that the appeal is wholly frivolous. ***See***

- 4 -

***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981); ***Anders v. California***, 386 U.S. 738 (1967).

Appellant avers that he instructed trial counsel to file a direct appeal and trial counsel failed to file that direct appeal. If this averment is true, Appellant is entitled to reinstatement of his direct appellate rights *nunc pro tunc*. Hence, we vacate the PCRA court's order and remand for the filing of an amended petition by counsel[3] and an evidentiary hearing to determine if Appellant instructed his trial counsel to file a direct appeal.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/26/2019

---

[3] As noted above, Appellant's original court-appointed PCRA counsel was permitted to withdraw. Upon remand, new counsel should be appointed for Appellant.